444    SUPREME COURT OF WISCONSIN.    [94

Merchants State Bank vs. State Bank of Phillips.

MERCHANTS STATE BANK, Respondent, vs. STATE BANK OF
PHILLIPS, Appellant.

*November 6 — November 24, 1896.*

*Promissory notes: Nonpayment: Notice to indorsers: Negligence of agent:
Excusable delay: Damages: Failure to proceed against maker.*

1. The fact that a few days prior to the receipt and retention of promissory notes for purposes of collection by a bank, the bank building and a large part of the city in which it was located were destroyed by fire, and that the bank had only resumed business in a tentative way in a temporary structure at the time the notes became due, was not such an overwhelming calamity or unavoidable accident as would excuse a failure to notify indorsers within the time required to charge them with liability.

2. Although the bank had the option to undertake or refuse the collection of the notes, yet, having undertaken it, a failure to exercise reasonable diligence in the performance of the work constituted actionable negligence.

3. Where, in an action by the owners of the notes against the bank for such negligence, it appeared that the maker was insolvent, and that the indorsers were solvent, the measure of damages, in the absence of evidence in mitigation, is the amount due on the notes.

4. The failure of the plaintiff to proceed promptly against the maker of the notes is *held* not to have prejudiced the defendant, where it did not appear that a preference could have been gained either by attachment or by judgment and execution.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff is the indorsee of several promissory notes made by the Jump River Lumber Company, which were payable at the defendant bank in Phillips, and became due on the 4th day of August, 1894. On July 26, 1894, the plaintiff mailed the notes to the defendant for collection. On July 27, 1894, and before the notes were received by the defendant at Phillips, the entire city of Phillips, including the defendant's banking house, was destroyed by fire. Defendant's vault was not destroyed, and on August 1, 1894, the

defendant resumed business, in a tentative way, in a temporary structure. The notes were received, and entered upon the defendant's collection register, and the maker notified on August 1, 1894. They were not paid at maturity, and the defendant failed to protest them for non-payment. On August 8, 1894, the defendant returned the notes to the plaintiff, who at once notified the indorsers of their non-payment. The indorsers denied liability on the ground of the failure to give them timely notice of nonpayment, and refused to pay them. They were all solvent persons. August 22, 1894, the estate of the maker of the notes went into the hands of a receiver. The plaintiff had judgment for the amount of the notes. The defendant appeals.

For the appellant there was a brief by *Jones & Jones*, and oral argument by *D. Lloyd Jones*. To the point that an agent's liability for negligence is the amount of the actual loss caused thereby, and the burden of proof to establish such loss is upon the plaintiff, they cited *Fox v. Davenport Nat. Bank*, 73 Iowa, 649; *Van Wart v. Woolley*, 5 Dowl. & Ryl. 374, 3 Barn. & C. 439; *Allen v. Suydam*, 20 Wend. 321.

For the respondent there was a brief by *Alban & Barnes*, and oral argument by *John Barnes*. To the point that, *prima facie*, the measure of plaintiff's damages was the face of the note, they cited Daniel, Neg. Inst. § 329; *Allen v. Suydam*, 20 Wend. 321; *Borup v. Nininger*, 5 Minn. 523; *First Nat. Bank v. Fourth Nat. Bank*, 77 N. Y. 328; *S. C.* 89 id. 413; *Bank of Washington v. Triplett*, 1 Pet. 25.

NEWMAN, J. Three questions are presented on this appeal: (1) Were the indorsers discharged of liability by the failure of the defendant to notify them of the dishonor of the notes? (2) Was the failure of the defendant to notify the indorsers negligent under the circumstances? and (3) Was the plaintiff entitled to recover the whole amount of the notes? It is certainly the law that, in general, notice

of the nonpayment of negotiable paper at maturity must be given not later than on the next day after its dishonor. 2 Am. & Eng. Ency. of Law, 414; Daniel, Neg. Inst. (4th ed.), §§ 1038, 1039. Longer delay in giving the notice can be excused only when prevented by overwhelming calamity or unavoidable accident. Daniel, Neg. Inst. §§ 1067, 1068. It is evident that no such cause prevented the defendant from giving such notice. The calamity which struck the defendant and the city of Phillips had nothing to do, apparently, with its failure to notify the indorsers. That was the work of a few minutes only, and directly in the line of the business which it had re-established after the fire. The indorsers were released by the failure to notify them of the dishonor of the notes. Probably it was within the defendant's option, under the circumstances, whether it should undertake or reject the office of collecting these notes. But, having elected to undertake it, it was bound to the exercise of reasonable diligence in its performance. This it failed to do. This was negligence. The plaintiff is entitled to recover such sum as it has lost by reason of the defendant's negligence. That sum is, *prima facie*, the amount of the notes. Daniel, Neg. Inst. (4th ed.), § 329. There was no evidence to mitigate damages. The indorsers were solvent; the maker is insolvent. It does not appear whether the maker's estate, now in the hands of a receiver, will pay any part of the notes, nor how much it will pay. Perhaps it should have gone in mitigation, if it had been shown how much the dividends properly applicable thereto would pay. But no such proof was attempted. The plaintiff deposited the notes in court for the benefit of the defendant, so that it may be reimbursed so far as the proper dividends may go. The defendant was not prejudiced by the failure of the plaintiff to proceed promptly against the maker. It does not appear that there was ground for an attachment by which advantage could be gained; and the time was too

short to gain a preference by judgment and execution.   No error is discovered.

*By the Court.*— The judgment of the circuit court is affirmed.