# Smith *v.* Davis.

*Breach of Contract,*

(Decided April 20, 1907. 43 So. Rep. 729.)

1. *Contract; Breach; Allegation of Breach.*—An allegation that defendant broke the contract sued on and stopped plaintiff and prevented him from completing his contract after he had furnished part of the material and performed part of the work is a sufficient allegation that the stopping was wrongful.

[Smith v. Davis.]

2. *Appeal; Harmless Error; Plea.*—One is not prejudiced by the sustaining of a demurrer to a special plea when it affirmatively appears that such one had the benefit of all matters set up in the special plea.
3. *Same.*—When matters of defense presented by special plea can be shown under the general issue, which is pleaded, it is harmlss error to sustain demurrer to such special plea.
4. *Contracts; Breach; Damage; Evidence.*—Although defendant filed no plea of set off or recoupment in response to a complaint for breach of the contract under the terms of which she was permitted to complete the house and deduct the costs thereof from anything due the contractor, it was competent for defendant to show by her husband the cost of completing the house after taking possessing thereof and the architects certificate showing the amount expended by defendant in completing the house after plaintiff's alleged breach was also admissible.
5. *Damages; Breach of Contract.*—An instruction authorizing the contractor in an action for a breach of a building contract to recover both profits and the value of the work and material is improper and not the proper measure of damages.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Henry V. Davis against Sallie H. Smith. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action by a contractor against the owner for breach of the contract for construction of a home. The contract is made a part of the complaint, and the breaches alleged in the first count are that after plaintiff had furnished part of the labor required, and while engaged in his work upon said building under and in compliance with the terms of said contract, defendant ordered him not to continue the work, and warned him not to enter the premises, and had him arrested and excluded from the premises, and took possession of the building in its incomplete state, and used material belonging to plaintiff in completing the job, and failed and refused to pay him the value of the materials furnished and work and labor done by him under the contract, and further prevented him from completing said work. The second count alleges similar breaches in a shorter form. The demurrers interposed to the second

count sufficiently appear in the opinion. The terms of the contract necessary to an understanding of this opinion are: "That the contractor provide all the materials and perform all the work for the making of repairs, alterations, and additions to the dwelling house as described in the contract, as shown on the drawings and described in the specifications furnished by the architects named therein. It is understood and agreed that the work and material is to be placed and done under the direction of the architects, and that their decision as to the construction of the drawings and specifications shall be final; that the contractor shall, within 24 hours after receiving written notice from the architects, proceed to remove from the grounds or building all material condemned by them, whether worked or unworked, and to take down all portions of the work which the architects shall by like written notice condemn as unsound or improper, or as in any way failing to conform to the drawings and specifications, and shall make good all work damaged or destroyed thereby; and should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect, or failure being certified by the architect, the owner shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials and to deduct the costs therefrom from any money then due or thereafter to become due to the contractor under this contract; and if the architects shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall be at liberty to terminate the employment of the contractor for the said work, and enter upon the premises and take possession, for the purpose of completing the work under this contract, of all materials, tools, and appliances thereon, and to employ any person or persons to finish the work and to provide the materials therefor, and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until

the work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expenses incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor; but, if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner, either for furnishing material or finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereon shall be conclusive on the parties." The contract provided for arbitration and the other provisions in approved building contracts.

It is unnecessary to set out the pleadings. It was shown in evidence that the architects had certified to the owner the facts necessary to authorize her to take charge of and complte the building as set out in the contract. Defendant offered to show what it cost her to complete the building; but this evidence was not allowed, on objection by the plaintiff. Independently of the certificate of the architects, it was shown by the architects themselves that the work was very unsatisfactory and not according to the terms of the specifications. A great many charges were given for plaintiff and refused to defendant, but it is not necessary that they be here set out. In its oral charge to the jury, the court among other things said: "If you are reasonably satisfied from all the evidence that the plaintiff was entitled to recover under the first and second counts, and under the third count also, he is entitled to recover for what work he actually did, the value of what work was actually done on the premises, and for the value of the materials furnished and the profits—that is, the difference between what he could have completed the work for, what profit he would have derived, and what it would have cost him; the difference between that and the contract price, $3,500. Any difference he would be entitled to recover, if you are reasonably satisfied he is entitled to recover under the hypothesis that the court has laid down. If you find for the plaintiff under the conditions that the court has previously instructed you, of course, you deduct what has already been paid." The

defendant excepted to that portion of the charge in which the jury are instructed that they should find the value of the work, and also the profit plaintiff would have made. There was verdict and judgment for plaintiff in the sum of $726, and defendant appeals.

ROBERT E. GORDON, and ERVIN & McALEER, for appellant.—Counsel discuss errors predicated upon the pleading and cite in support thereof: *Davis v. The State*, 146 Ala. 120. Evidence of damage suffered by defendant from plaintiff's breach of contract is admissible under the general issue to defeat plaintiff's right of recovery. —*English v. Wilson*, 34 Ala. 201; *O'Brian v. Anniston Pipe Works*, 93 Ala. 584. The court erred in the oral charge excepted to.—*Worthington & Co. v. Gwin*, 119 Ala. 51. Charge 2 given for plaintiff was error.—*Worthington v. Gwin, supra*. Charge 3, requested by defendant, should have been given.—*Rose v. Bozeman*, 41 Ala. 678; *Buist v. Guice*, 96 Ala. 260. Charge 4 should have been given for defendant.—*George v. C. & M. R. R. Co.*, 8 Ala. 234; *Ramey v. Holcomb*, 21 Ala. 569. The court erred in refusing to give charge 9 requested by defendant.—*Davis v. Badder & Britt*, 95 Ala. 361. On the same authorities charges 11, 12, 13 and 14, requested by defendant, should have been given. The court erred in refusing charges 15 and 18, requested by defendant.— *Barton v. Barton*, 75 Ala. 402; *Craft v. Russell*, 69 Ala. 9;; *Thompson v. Madux, et al.*, 117 Ala. 478.

R. P. ROACH, and GREGORY L. & H. T. SMITH, for appellee.—The right of the architect to interfere and to stop the work did not depend upon the architect's mere arbitrary discretion.—*E. L. Co. of Mobile v. Elder Bros.*, 115 Ala. 154; *White v. Harrigan*, 43 N. W. Rep. 89; *Davis v. Badders & Britt*, 95 Ala. 260; 2 A. & E. Enc. of Law, 820; 56 Am. St. Rep. 310. Counsel discuss other assignments of error but cite no authority.

TYSON, C. J.—The first and second counts of the complaint seek to recover damages for the breach of a written contract, which is attached to the complaint and made a part of these counts, for repairing and re-

[Smith v. Davis.]

modeling a residence belonging to defendant. The third is the common count, for materials furnished and work and labor done at defendant's request. The fourth count was stricken out by amendment during the trial. Only the sufficiency of the second count was questioned by demurrer, which was overruled by the trial court.

The objection raised by the demurrer is that the act of defendant in stopping plaintiff from work is not alleged to have been wrongful. The allegation of the count is that "defendant broke said contract in this: That after plaintiff had furnished part of the material and performed part of the work and labor required by said contract, and was in the performance of the work under said contract, the defendant stopped him from work thereon and prevented his completing the said contract," etc. Every breach of a contract necessarily involves a wrongful act. The allegation that defendant broke the contract was entirely sufficient. The demurrer was properly overruled.

Whether the ruling of the court in sustaining the demurrer to the first special plea of defendant, as originally filed and as subsequently amended, was error, it is unnecessary to determine, since it affirmatively appears that the defendant had the benefit of all matters relied upon therein as a defense. The other special plea, as originally framed and as subsequently amended, to which a dmurrer was sustained, presented matters of defense which could be properly shown under the plea of the general issue.—*English v. Wilson,* 34 Ala. 201; *O'Brien v. Anniston Pipe Works,* 93 Ala. 584, 9 South. 415; *Grisham v. Bodman,* 111 Ala. 194, 20 South. 514. This being true, the ruling of the trial court, if erroneous, was without injury.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161, 32 South. 603.

On the trial the plaintiff's testimony tended to show a breach of the contract by defendant, and that at the time the defendant stopped him he was performing the contract according to its obligations; that he had, when stopped, furnished materials and labor of the value of $1,407.80. That in behalf of the defendant tended to show (independently of the certificate of the architects, which was held in *Davis v. State,* 146 Ala. 120, 41 South.

681, sufficient to authorize the owner to terminate the contract) that plaintiff had breached the contract. For the purpose of showing the damages suffered by the defendant by reason of this breach, she should have been allowed to prove by her husband the cost of completing the house after taking possession of it.

The grounds of objection to the certificate of the arcritects, showing the amount expended by defendant in completing the house, were clearly not well taken. It was not irrelevant and immaterial to any issue in the case, nor was it necessary to its admissibility that a plea of set-off or recoupment should have been well filed. It was provided for by the express terms of the contract, in the event the defendant, upon a breach of the contract by plaintiff, undertook to complete the construction of the house.

That portion of the oral charge of the court to which an exception was reserved was plainly erroneous. For clearly plaintiff was not entitled to recover both profits and the value of the work and materials. With the testimony admitted, which was excluded, upon another trial, the issues to some extent will be different. We, therefore, do not deem it necessary to review the other assignments of error, which relate only to the written charges refused.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.