# Hendricks *v.* Jefferson County Savings Bank.

*Action for Failure to Collect Check.*

(Decided Nov. 21, 1907.   45 So. Rep. 136.)
(Rehearing denied Dec. 19, 1907.)

1. *Banks and Banking; Receipt of Check for Collection; Liability for Negligence.*—A bank which is negligent in not collecting a check which was deposited with it for collection, and in not giving notice of non payment until the bank on which it is drawn has become insolvent and suspended payment, is liable only for such an amount as the depositor may lose thereby and the duty is on the depositor to allege and prove his loss.

2. *Same; Failure to Return Dishonored Check.*—The failure to return a dishonored check to the depositor does not make it the property of the bank, where the bank presented it for payment, gave notice of its dishonor and charged it back to the depositor. The check was the property of the depositor' and he alone could file it with the receiver in bankruptcy against the bankrupt estate, and the bank with which it was deposited cannot be charged with not having filed it, and so be made liable for its full amount.

APPEAL from Birmingham City Court.
Heard before Hon. Charles A. SENN.

[Hendricks v. Jefferson County Savings Bank.]

Action by J. C. Hendrix against Jefferson County Savings Bank. From the judgment for plaintiff for a nominal sum, he appeals. Affirmed.

S. D. & J. B. WEAKLEY, for appellant. In the situation of this case, the defendant was the proper party to prove the indebtedness against the bankrupt estate and to receive all dividends that may be declared, the defendant being liable to plaintiff for the full amount of the check.—*Trinidad Nat. Bk. v. Denver Nat. Bk.*, 4 Dill. 290; *Shipsey v. Bowery Nat. Bk.*, 59 N. Y. 485; *Second Nat. Bk. v. Merchants' Nat. Bk.*, (Ky.) 55 L. R. A. 273; *Morris v. Eufaula Nat. Bk.*, 106 Ala. 383; s. c. 122 Ala. 580; *Bank v. Goodman*, 109 Pa. St. 429; *Bank v. Provision Co.*, 117 Ill. 100; *Bank v. Bank*, 172 N. Y. 102; *German Bank v. Burns*, (Col.) 21 Pac. 714; *Bank v. Huggins*, 3 Ala. 206; *First Nat. Bank v. Henry*, in MS. A deposit of a check, like a deposit of money, transfers the ownership, as a general rule, to the bank. The legal title having passed to the defendant by the blank endorsement of the plaintiff its collection of the check was for its own benefit, and the bank was the owner of the check and the proceeds.—*Burton v. United States*, 196 U. S. 283. The loss which a principal is entitled to recover from a negligent collecting agent is, *prima facie*, the amount of the paper, and the burden is on the defendant to reduce the damages.—1 Dan. Neg. Inst., sec. 329; 3 Suth. Dam., pp. 18 and 19; *Bank v. Bank*, (Md.) 49 N. E. 171; *Bank v. Bank*, 172 N. Y. 102. In suits of this character, it is not necessary to show, with certainty, that the paper could have been collected. It is sufficient to show a reasonable probability that such would have been the result.—3 Suth. Dam., sec. 576, p. 2379 (3d Ed.); *Dew v. Kellog*, 59 N. W. 560; *Bank v. Kiper*, 60 N. W. 33; *Bank v. Bank*, 49 N. E. 171.

GEORGE HUDDLESTON, for appellee. The check was in legal effect the Shelby Co. Bank's promissory note.— *Nat. Bk. v. Miller*, 77 Ala. 168; *Renfroe Bros. v. Merchants' Bk.*, 83 Ala. 425; *Wetumpka Ry. Co. v. Bingham*, 5 Ala. 657. A failure to present a check for collection does not pass title to the paper to the negligent collecting agent.—*Jefferson Co. Savings Bank v. Hendrix*, 39 South. 295; *Bank of Mobile v. Huggins*, 3 Ala. 206; *Nat. Bk. v. Miller, supra; Dodge v. Friedman's Trust Co.*, 93 U. S. 385; *Nat. Bk. v. Hubbell*, 7 L. R. A. 852. Also see note to 1 L. R. A. (N. S.) 246. In this case if Hendrix had proved his claim he would have received 44 per cent dividend, and there is nothing in the case from which the court can find that other dividends will not be issued sufficient to pay the claim in full, nor can the court find that the check was worth its face value at the time it was issued, nor that appellee's negligence operated to depreciate its value.—*Bank of Mobile v. Huggins*, 3 Ala. 206; *Sahlien v. Bank*, 90 Tenn. 221; *Farmers Bank v. Newland*, 97 Ky. 464; *Allen v. Suydam*, 20 Wend. 321; *First National Bank v. Fourth National Bank*, 77 N. Y. 320; *Borup v. Nininger*, 5 Minn. 523; *Mitchell v. Shuert*, 16 Mich. 444.

SIMPSON, J.—Suit by appellant against the appellee. The gravamen of the complaint is that on the 13th day of May, 1901, the plaintiff deposited with the defendant for collection a check for $1,100 on the Shelby County Bank, at Montevallo, Ala.; that defendant failed to present the same and give notice of the failure of said bank to pay the same until after said bank had suspended payment because of insolvency; that the assets of the said Shelby County Bank had passed into the hands of a receiver in bankruptcy, and the assets "are insufficient to allow the plaintiff to collect therefrom the

whole of his debt, and the same is uncollectible from the assets of said bank  *  *  *  or otherwise in large part." Some of the counts allege simply that by reason of said failures "the noncollection of said check resulted." It is also alleged that the check could have been collected if plaintiff had been promptly notified. The case was tried by the court without a jury, and the court finds that the check was delivered, as alleged, on May 13, 1901, and entered to plaintiff's credit on the books of defendant; that on that night the defendant forwarded the check by mail to said Shelby County Bank; that, not hearing from it in three or four days, a postal card tracer was sent to said bank, and a telegram on May 23d, and on May 24th the first notice was mailed to plaintiff; that on May 14th or 15th said check was received by said Shelby County Bank, and stamped "Paid," and there remained until it went into the hands of the receiver; that plaintiff was in Montevallo from May 14th to May 22d, and "that if said check had been presented over the counter at said Shelby County Bank at any time between the 15th and 22d of May, 1901, it would have been paid; that if the Jefferson County Savings Bank had promptly notified plaintiff that the check had not been paid he could have procured payment of same before the said Shelby County Bank closed its doors and ceased to do business." The court gave judgment for the plaintiff for $1, and the plaintiff appeals, claiming that he is entitled to judgment for the full amount of his check.

As to the liability of a collecting bank for negligence in presenting or giving notice of dishonor of paper in its hands for collection, there has been much discussion in the courts . Even so great an authority as the pathfinder in American law, Chief Justice Marshall, remarked that "by failing to demand payment in time the bank

would make the bill its own, and would become liable * * * for its amount (*Bank of Washington v. Triplett,* 1 Pet. [U. S.] 25, 31, 7 L. Ed. 37) ; but that case was decided on another principle, and our own court in an early case, which has become a leading one, showed that the learned Chief Justice "was not preparing to discuss the general rule," and that the facts of that case did not call for the remark, and held that in such a case the collecting bank is liable only for the actual loss which the owner of the bill sustained by reason of the negligence of the collecting bank.—*Bank of Mobile v. Huggins, Adm'r,* 3 Ala. 206, 215, et seq. That was a case in which it was claimed that the failure to give notice had discharged the indorser, and the court held that the discharge of a solvent party is not an actual loss when there are other solvent parties bound, and that it rests with the principal to show, before he is entitled to recover the amount of the note as damages, that the parties who remain are unable to pay.—Id.., headnote 6, and pages 220, 221.

When the present case was before this court at a previous term, the court said :· "It by no means follows, from the negligent failure of the bank to collect the check, or its negligent failure to give the owner timely notice of the, dishonor of the paper, whereby he is denied fruitful opportunity to collect it himself, that the owner loses the demand for which the check was given, or any part of it," etc. ; and also : "It will, therefore, not suffice for the owner to hale the collector bank into court and implead that: 'You took this check to collect it, you did not do your duty in that regard, and of consequence the check was not collected. Therefore the check is yours, and the amount of it in money is mine, and in your hands for me, and you must pay me that amount.' Hence it was held that counts 7 and 8 were 'so wanting

in averments of damages suffered by plaintiff as to state no cause of action.' "—*Jeff. Co. Sav. Bank v. Hendrix,* 147 Ala. 670, 39 South. 295, 296, 1 L. R .A. (N. S.) 246. In the case as presented to the court now, said counts 7 and 8 were remodeled so as to state that "the assets of said bank are insufficient to enable him to collect there-from, by dividends or otherwise, the full amount of said check, with interest," and that he will lose a large part towit, $1,000.

This case is also reported in 1 L. R. A. (N. S.) 246, and the annotator submits an extended note, citing many cases to the effect that the burden is upon the plaintiff to allege and prove what damage he has suffered by reason of the negligence of the collecting bank, and particularly calling attention to the fact that the remark in Daniel on Negotiable Instruments "that loss is prima facie the amount of the bill or note," etc., is not supported by the authorities cited by that author. In the case of *Allen v. Suydam,* 17 Wend. 368, the Supreme Court of New York held that, where the agent was guilty of negligence in regard to presentment and notice, he was liable in damages to the full amount of the bill; but our own court criticised that case and refused to follow it, saying: "It is difficult to conceive how a mere agent, who is intrusted with the paper only for a specific purpose, in no wise coupled with an interest, can be held to proof of those circumstances on which its value or its worthlessness depends."—*Bank of Mobile v. Huggins,* 3 Ala. 219. Subsequently that case went to the Court of Errors and Appeals of New York, and was reversed on the question of damages; the court holding that the jury should have been instructed "to find only such damages as they should, from the evidence, believe it probable the plaintiffs might have sustained by the delay."—*Allen v. Suydam,* 20 Wend. (N. Y.) 321, 32 Am. Dec. 555, 563.

It is true that it is stated in Sutherland on Damages that "if there is negligent delay by an agent in presenting a bill for acceptance, and the antecedent parties, though not thereby discharged from their legal liability, in the meantime become insolvent, the amount of the bill is prima facie the loss;" and there are authorities which use this expression. It is also true that the writer of the notes to Sutherland on Damages indicates that he agrees with the dissenting opinion of Senator Verplank in *Allen v. Suydam*, 20 Wend. (N. Y.) 334, 32 Am. Dec. 555; 3 Sutherland on Damages (3d Ed.) p. 2372, § 775, note 3; *Merchants' State Bank v. State Bank of Phillips*, 94 Wis. 444, 69 N. W. 170; *Comm. Bank v. Red River Val. Nat. Bank*, 8 N. D. 382, 79 N. W. 859. It is probable that the word "insolvent" in these authorities is used in its ordinary sense, to show that nothing can be collected from the parties remaining on the bill, so that the principle would not apply to a case where the estate of the party liable is in the hands of the bankrupt court, with some funds to be administered. However, in accordance with the weight of authority, and especially in view of the positive position taken by our own court, we hold that the measure of damages is the actual loss sustained, and that it is a part of the plaintiff's case to allege and prove the amount of loss. We understand this to be the effect of the decision in this case when previously here; and the amended counts alleging the insufficiency of the assets of the bankrupt estate should have been sustained by proof.

Again, even if the prima facie theory should be adopted, yet it would not change the result in this case, because the evidence shown as a matter of fact that there were assets of the bankrupt bank subject to the payment of this check, that dividends to the amount of 44 per centum had been declared, and still there were assets.

[Hendricks v. Jefferson County Savings Bank.]

The drawer of the check was still the owner of it, and entitled to that dividend and any others that might follow. He should have gone on and proved what would probably be the entire dividend to which he would be entitled. Certainly the court could not say that he was entitled to the full face value of the check, when, for all that appears from the evidence, he may have already collected 44 per cent of it, and there was no evidence before the court from which it could ascrtain what the amount of actual damages was.

It cannot be said that it was the duty of the collecting bank to prove up the claim in bankruptcy and collect the dividends. It was agent only to present and collect the claim from the bank, and when it presented it, and gave notice of its dishonor, and charged it back to the drawer, the paper was the property of the drawer, and no one else could file it in the bankrupt court.—3 Am. & Eng. Ency. Law (2d Ed.) p. 817. Neither is there any force in the contention that the defendant made the check its own because it did not return it to the plaintiff, as the evidence shows that the check was in the possession of the receiver in bankruptcy.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.