[Anderson & Co., et al. v. Brammer.]

# Anderson & Co., *et al. v.* Brammer.

### *Assumpsit.*

(Decided May 7, 1912.  58 South. 941.)

1. *Damages; Breach of Contract; Measure.*—Where the defendant employed plaintiff to paint a number of houses for a stipulated sum, and afterwards breached the contract and refused to permit plaintiff to complete the work, the proper measure of damages was the difference between the agreed price and the cost of completing the work; hence, where plaintiff testified that he could have completed the work in seventeen days with the help of an assistant, but did not testify as to the value of his services, the action of the court in declining to permit cross examination on this point, and admitting testimony that plaintiff was unable to obtain other work during the time required to complete the contract, was error.

2. *Same; Instruction.*—Under the facts in this case, it was error to refuse an instruction that plaintiff could not recover for loss of time after the breach of the contract.

3. *Evidence; Contract; Breach.*—Where defendant refused to permit a plaintiff to complete a contract to paint several houses because he thought the work was not being done in a workmanlike manner, and the plaintiff introduced evidence showing that he was a competent painter, it was error to refuse to permit defendant to show that he was not a competent painter.

4. *Same; Admission; Parties.*—Relative and material admissions against interest by a party to a suit are always competent evidence against such party, and where a defendant had refused to permit a plaintiff to complete a contract for painting several houses because he thought the work was not being done in a proper manner, it was error to exclude testimony showing an admission by the plaintiff that he had admitted putting the paint on with a broom.

5. *Appeal and Error; Record; Bill of Exceptions.*—The record examined in this case and held to show that the charges were separately and severally requested and separately and severally excepted to, on refusal to be given, and hence, that it is proper to review eacn of said instructions, and the ruling thereon.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.·

Action by Frank E. Brammer against the individuals composing the partnership of J. B. Anderson & Co., on the common counts and a special contract. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

[Anderson & Co., et al. v. Brammer.]

Charge 7, refused to the defendant, is as follows: "If the jury believe from the evidence that defendants breached the contract with the plaintiff, the court charges the jury that plaintiff is not entitled to recover for time lost by the plaintiff after the breach."

TILLMAN, BRADLEY & MORROW, for appellant. The court erred in permitting plaintiff to show that he was unable to obtain work within the time it would have required him to complete the contract. This was not an element of damages.—Page on Contracts, secs. 1585-7; *Ramey v. Holcomb*, 21 Ala. 571; *George v. Cahaba Ry. Co.*, 8 Ala. 234; *Baxley v. T. & M. R. R. Co.*, 128 Ala. 183; *Peck Hammond Co. v. Heifner*, 136 Ala. 473; *Danforth v. T. & C. R. R. Co.*, 99 Ala. 331. The court erred in not permitting the defendant to show that plaintiff was not a competent painter.—Page on Contracts, sec. 1431. Admissions against interest are always admissible.—*L. & N. v. Hurt*, 101 Ala. 48; *Leyman Bros. v. McQueen*, 65 Ala. 570; *Polly v. McCall*, 37 Ala. 20. The court erred in refusing the charges requested, especially the one covering time lost.—Authorities supra.

BOWMAN, HARSH & BEDDOW, for appellee. The first assignment is not argued. No motion was made to exclude the answer of the witness made the 2nd assignment of error. The 3rd assignment was too general to be considered.—*Ferrell v. Opelika*, 144 Ala. 135; *So. Ry. Co. v. Nowlin*, 156 Ala. 228. The 4th, 5th, and 6th assignments of error are fully answered by the case of *Harris v. Basden* 50 South. 321. Counsel discuss the charges, but insist that they were not separately asked, and that as some of them were patently bad, the court will not be put in error for refusing them.

[Anderson & Co., et al. v. Brammer.]

PELHAM, J.—This is an action for the breach of a special contract, an oral agreement entered into between the appellee and the appellants, under the terms of which, for a certain specified consideration for each house, the appellee promised and undertook so paint 50 houses for the appellants. The houses were of three kinds or classes; for one kind plaintiff was to receive $5.50 each, and $7.50 and $10 each respectively, for the other two; there being 25 houses rated at $5.50 each, 16 at $7.50 each, and 9 at $10 each. Alleging a breach of the contract and failure upon appellants' part to allow him to complete the work under the contract, appellee sued to recover damages. The complaint also contained counts for work and labor done and money due by account. Demurrers were filed to the complaint, and certain rulings are shown on these demurrers, but by an agreement subsequently entered into between the counsel for both parties to the suit, with consent of the court, the case was tried on plea of the general issue with "leave to give in evidence any matter of defense which might be admissible if specially pleaded, and with like effect as if specially pleaded," with the agreement, also, that the plaintiff might give in evidence any matter which would be admissible under special replication. No question is raised on the pleading; all of the assignments of error go to the court's rulings on the evidence and to charges requested by each of the parties.

The evidence introduced in behalf of the plaintiff tended to show that he was a competent painter of six years' experience; that plaintiff entered into a verbal contract with defendants to paint the houses for the defendant at about the prices stated; the defendants to furnish the material; that, after he put the first coat, or priming, on 17 houses of the $5.50 class, the defendants sent him off on another job, and when he returned refused to allow

[Anderson & Co., et al. v. Brammer.]

him to complete the contract without giving a bond for proper performance; that nothing had been said in the original contract about furnishing a bond. Defendants refused to allow plaintiff to complete the work and paid plaintiff $17 on account of the work done and had the job finished by another painter. Plaintiff could have completed the work called for by the contract at the time he was stopped by defendants in 17 more working days with the assistance of one helper, whose services could be secured at $1.50 per day. That the work done under the contract by plaintiff and his helpers, when plaintiff was stopped by defendants, was done in a first-class, workmanlike manner, but that the materials furnished to plaintiff by defendants were inferior; that the best work that could be accomplished with the materials furnished was done.

The defendants' evidence tended to show that the agreement or contract was for the work to be done in a good and workmanlike manner subject to the approval of an inspector; that proper material was furnished, but that it was poorly mixed, wasted, and improperly put on, and that the work was not done in a good and workmanlike manner; that it was rejected by the inspector, and that the inspector and one of the defendants notified the plaintiff of the rejection of the work, and defendants refused to allow plaintiff to complete the work unless he would give a bond that would protect defendants from loss or failure to do proper work; that no bond was furnished, and defendants paid plaintiff $17 for the work and labor performed and had the work completed by other labor at a cost of about $40 more than the contract price.

Confessedly the measure of damages recoverable for a breach of the contract by defendant in a suit at the hands of the plaintiff would be the difference between the price

agreed upon and the amount it would have cost the plaintiff to complete the work. The only proof made going to show this amount is the evidence of plaintiff that the job could have been completed in 17 working days by the plaintiff giving to it his personal labor and having the help of an assistant at the rate of $1.50 per day. The value of the labor or services of the plaintiff is not shown by the testimony, and, when the defendants on cross-examination undertook to elicit such information from plaintiff, the court sustained objections interposed by plaintiff's counsel, and on the other hand allowed the plaintiff to show, against the objection of the defendants, that the plaintiff had endeavored to obtain employment after being stopped from work on the contract, and had been unable to procure employment for a period of three months, or until after the contract would have been completed. This was clearly erroneous, as the question of plaintiff's being able to secure or not to secure work could have no proper place in estimating the damages he might be entitled to recover for a breach of the contract; the proper measure being the contract price less the cost of completion, the profit that would accrue from the performance.—*Peck-Hammond Co. v. Heifner,* 136 Ala. 473, 33 South. 807, 96 Am. St. Rep. 36; *Smith v. Davis,* 150 Ala. 106, 43 South. 729; *Bonifay v. Hassell,* 100 Ala. 269, 14 South. 46; *Worthington & Co. v. Gwin,* 119 Ala. 44, 24 South. 739, 43 L. R. A. 382.

One of the questions at issue in the case was whether or not the work done by the plaintiff had been executed in a good and workmanlike manner. The plaintiff was allowed to show that the work done up to the time he was stopped by the defendants had been done in such a manner, and the plaintiff's witness Bailey testified "that he considered the plaintiff a good and competent painter." Under such circumstances, the court was in error in

sustaining the objection interposed by plaintiff's counsel to the questions asked defendants' witness Edwards, a builder and contractor of 25 years' experience, seeking to show that he had knowledge of plaintiff's competency, etc., for the purpose of eliciting evidence showing that plaintiff was not a competent painter. The question sufficiently shows that the evidence sought to be elicited was competent as tending to shed light on the character of work done by plaintiff and to directly rebut the plaintiff's testimony of the competency of plaintiff as a painter.

The court was also in error in refusing to allow the defendant to show by the witness Smith that the plaintiff had made admissions to said witness in reference to the manner he had performed the work. It is common knowledge that good and workmanlike painting cannot be done with a broom, and the question asked this witness, "state whether or not the plaintiff ever told you that he put the paint on the houses in question with a broom," should have been allowed. The appellee's criticism of this question urged in brief to the effect that there were no "houses in question," that the only thing in question was the painting, is hypercritical. This question called for an admission against interest that was relevant and material, made by a party to the suit, and such admissions are always admissible.—*L. & N. R. R. Co. v. Hurt,* 101 Ala. 34, 48, 13 South. 130; *Moore v. Crosthwait,* 135 Ala. 272, 33 South. 28; *Brown v. Fowler,* 133 Ala. 310, 32 South. 584; *Polly v. McCall,* 37 Ala. 20.

From what we have said in reference to the measure of damages, it will be seen that the court was clearly in error in refusing charge No. 7 requested by the defendant.

The bill of exceptions does not substantiate the argument of appellee made in brief that the charges requested by defendants were asked in bulk, or "bunched," as

expressed by appellee. On the contrary, the statement set out in the bill of exceptions as a caption to the refused charges requested by the defendants clearly shows the charges to have been separately requested and separately considered and acted upon by the court. The statement immediately preceding the charges is as follows: "Whereupon the defendants requested the court, separately and severally, in writing, to give to the jury each of the following written charges. The court thereupon separately and severally refused to give each of said written charges so requested by the defendant, and indorsed on each the words, 'Refused, Chas A. Senn, judge.' And the defendants then and there, in the presence of the jury and before it retired, separately and severally excepted to the refusal of the court to give each of said charges so requested." This statement cannot be construed as a request to give the charges in their entirety, but is in every respect sufficient to show a separate request, and that each charge was separately considered and acted upon, so that the court's ruling on each may be considered on appeal.

It is unnecessary to discuss other errors assigned. The case seems to have been tried on an erroneous idea of what constituted a proper measure of damages, and must be reversed for the errors committed by the trial court which we have pointed out.

Reversed and remanded.