155 So. 379

, **NEWELL CONTRACTING CO. v. LACY.**

**6 Div. 293.**

Supreme Court of Alabama.

March 29, 1934.

Rehearing Denied June 28, 1934.

Drennen & Perrine, of Birmingham, for appellant.

A. Leo Oberdorfer, of Birmingham, and Knox, Acker, Sterne & Liles, of Anniston, for appellee.

FOSTER, Justice.

This is an action by appellee. a subcontractor of appellant in the construction of a public road in Arkansas. It seeks to recover of appellant a balance due under the contract, which is in writing, in the form of an accepted proposal. The controversy grows out of a contention by appellant that appellee did not complete the work to the satisfaction of the engineer, as required by the contract, and caused appellant to do certain work to complete it, the cost of which was charged to appellee, and called a "force account." This claim is disputed by appellee whose evidence tends to show that the engineer accepted his work as satisfactory, and that it was fully performed.

The complaint is in four counts. Three of them are the common counts, and the fourth is on the contract set out in full, alleging its performance by plaintiff.

The pleas are first, the general issue; second, payment in full; third, set-off of the amount claimed for the force account; fourth, a loss to it due to plaintiff's negligence in failing to cash a check tendered in full settlement until the bank failed; and fifth, a full and complete settlement.

■ Plea No. 4 is more in the nature of a partial payment than of set-off. To the extent that damage or loss results from the failure of the payee of the check to present it for payment there is a satisfaction of the original debt. Section 9204, Code; Lowenstein v. Bresler, 109 Ala. 326, 19 So. 860; Marx & Co. v. Bankers' Credit Life Ins. Co., 224 Ala. 249, 139 So. 421; Smith v. Davis, 150 Ala. 106, 43 So. 729; Deal v. Atlantic Coast Line R. R. Co., 225 Ala. 533, 144 So. 81.

■ This suit is on the original debt, and plea 4 does not allege a full satisfaction. The legal effect, if it is sufficient, is merely to reduce the amount due on the debt. That is but a partial payment. If the suit had been on the check, or if the amount of the check had been for the full amount claimed, and the loss equal to the debt sued for, it would be a payment in full, which must be specially pleaded. Deal v. A. C. L. R. R. Co., 225 Ala. 533, 144 So. 81; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339.

■ But in assumpsit, partial payment may be given in evidence, under the general issue. McMillian v. Wallace, 3 Stew. 185. This is an action of assumpsit. Hill's Adm'r v. Nichols, 50 Ala. 336, 338.

■ Plea 4, before it was amended, presented matter available under the general issue. So that defendant was not prejudiced by the ruling on the demurrer to it. Smith v. Davis, supra. The matter added to plea 4 had the effect of making it a plea of full payment. That plea was already interposed, on which issue was taken without demurrer. All of plea 4 before, as well as after, it was amended was available under other pleas on which issue was joined.

■ If plea 5 was not available under the general issue or under plea 2, the matter set up in it, as in plea 4, was fully gone into in the evidence, and covered in the charge of the court. So that defendant sustained no prejudice from the ruling on pleas 4 and 5. No other question on the pleading is presented.

■ Plaintiff claimed that he finished the work under his contract with defendant about the middle of August, 1928, but kept a force on the job until September 7th, keeping the road graded. Plaintiff was to do the excavation and embankment "to the entire satisfaction of the engineer." This according to

the evidence referred to the state resident engineer, placed on the job by the highway department of Arkansas. Defendant was to gravel it after plaintiff had completed his job. The excavation and embankment contract required plaintiff to level the surface.

Defendant claimed that plaintiff did not put that finish on it, and that the outfit he left with which to finish it was too small and insufficient, and the engineer would not accept it, and that he had to, and did, finish it, doing what plaintiff should have done at an expense of $791.95, called the "force account."

Since the contract required the work to be done to the satisfaction of the engineer, it was, of course, important to know whether he was satisfied. Plaintiff proved that the engineer said it was satisfactory. Objection was made to that because hearsay, incompetent, etc. We think there was no error in overruling the objection.

The expression of satisfaction by the engineer is one way to prove his satisfaction. As a general rule, building contracts require the architect to express satisfaction in writing. But that is probably intended to fix definitely the fact by written evidence of it. But when it is not required to be in writing, his declaration of satisfaction is primary evidence of the state of his mind in that respect. Satisfaction is a state of mind, and may be proven by declarations made showing such state when it is asserted. 22 C. J. 278. There was for the same reason no error in overruling objection to the letter of the engineer, dated October 25, 1928 (ninth assignment).

■ While the court permitted plaintiff to prove what the resident engineer on the job said showing his satisfaction with plaintiff's work when he completed it, and his letter to that effect, defendant was denied the privilege of showing what faults the engineer reported to him about the work, indicating a want of satisfaction (fourteenth assignment). But we think this assignment does not show reversible error because the testimony of defendant in this connection shows that he was permitted to prove that the resident engineer on that occasion expressed dissatisfaction with plaintiff's work.

■ The contract between plaintiff and defendant was in writing. It did not refer to the specifications of the contract with the state highway department, and none of them were expressly made applicable. The requirement of plaintiff's contract was to do all the excavation and embankment on the job "to the entire satisfaction of the engineer." That means the state engineer in charge of the work. But the specifications pertaining to disputes between the contractor and subcontractor, and the right of the state highway engineer to settle them were not shown to have been known to plaintiff nor embraced in the contract. 13 C. J. 530, § 488; Guerini Stone Co. v. P. J. Carlin Construction Co., 240 U. S. 264, 36 S. Ct. 300, 60 L. Ed. 636. There was only one condition, and that was the satisfaction of the engineer, which was shown to mean the engineer in charge of the work on the job.

Certainly the parties might have submitted their controversy to the chief state engineer as an arbitrator or referee. But the question made the basis of the sixteenth assignment called for the conclusion of the witness. The witness may have so understood, while plaintiff did not have that idea. The inquiry should have been limited to what the parties said, and then let the court determine if that amounted to a submission of the question to the referee.

■ Defendant was not denied the right to prove that at that hearing the resident engineer expressed a want of satisfaction with plaintiff's work. In fact, plaintiff testified that he so expressed himself there. The engineer did not testify, but both parties did, and each claimed that the engineer expressed himself on different occasions as favorable to his respective contentions. From all the evidence the question was properly left to the jury to find whether the engineer was satisfied with plaintiff's work as a completion of the contract.

■ On April 2, 1929, defendant sent a check to plaintiff for $295.76, which with the amount of the force account against plaintiff of $791.95 was equal to the balance due. Plaintiff immediately denied the claim, and returned the check. In July defendant sent plaintiff a duplicate check for the same amount in a letter, in which plaintiff was advised that it was sent in full settlement. Plaintiff held the check without cashing it or presenting it at the bank for payment. On March 31, 1930, defendant wrote plaintiff calling attention to the fact that the check was not collected, and wished to know what would be done with it. Plaintiff testified that he told defendant right after that, that he did not intend to have the check cashed. He did nothing further about it, did not return it, nor did defendant ask for its return. The bank closed on November 19, 1930. Defendant offered to prove that he held the money

in bank to meet the check, and that it would have been paid if plaintiff had presented it for payment, and claims that he lost his deposit due to plaintiff's failure to present it for payment, and, therefore, that he should be credited with the amount of it.

Defendant relies upon the well-settled principle to which we first here referred that the payee of a check takes it with the legal obligation to present it for payment within a reasonable time, and failure to do so, which results in loss to the depositor having sufficient funds in the drawee bank to meet it, makes the loss fall on the payee. In addition to cases cited, there are many others, including Industrial Trust, Title & Savs. Co. v. Weakley, 103 Ala. 458, 15 So. 854, 49 Am. St. Rep. 45; Morris v. Eufaula National Bank, 122 Ala. 580, 25 So. 499, 82 Am. St. Rep. 95; section 9204, Code.

But he did not offer to prove that the deposit was lost in whole or in part by the failure of the bank. The burden is on the depositor to show the extent of the loss, which does not follow as a legal conclusion or inference of fact from the single circumstance that the drawee bank has failed while defendant had a deposit in it. Deal v. Atlantic Coast Line R. R. Co., supra; Marx & Co. v. Bankers' Credit Life Ins. Co., supra; Hendricks v. Jefferson County Savs. Bank, 153 Ala. 636, 45 So. 136, 14 L. R. A. (N. S.) 686; Id., 147 Ala. 675, 39 So. 295, 296, 1 L. R. A. (N. S.) 246; Industrial Trust Title, etc., Co. v. Weakley, supra.

Again there is no legal obligation to cash a check tendered as a full settlement of a disputed claim when it is not for the correct amount due. If plaintiff had cashed the check so tendered, that circumstance would have given rise to a claim that it was an accord and satisfaction. Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 71 So. 97; Ex parte So. Cotton Oil Co., 207 Ala. 704, 93 So. 662; Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386.

The payee should ordinarily either cash the check in a reasonable time, or return it to the drawer. Plaintiff did return the check first sent him for the amount. Defendant, in about three months, sent plaintiff by mail another such check with the same date as that first sent, and tendered it in full settlement. Defendant then knew that plaintiff claimed it was not in full settlement, and plaintiff testified that before the bank failed he, in person, notified defendant that he did not intend to cash the check.

Since plaintiff did return the first check, and the second was sent unsolicited when defendant knew it was not in accordance with plaintiff's claim, its retention by plaintiff, when no demand for its return was made by defendant, and if defendant was notified that plaintiff did not intend to cash it, did not proximately cause the loss, if the deposit was lost to defendant, because with such notice, defendant should have ordered its payment stopped at the bank and withdrawn the amount of his deposit, or demanded a return of the check.

We have been unable to find an authority or statute which thus defines the relations of the parties, but we think it is a sound logical result, and is therefore a correct legal status.

Refused charges numbered 7, 8, and 9 leave out of consideration the various aspects of the evidence which we have mentioned in this connection.

Refused charges 5 and 6 were covered in the oral charge.

The general affirmative charges 1, 2, 3, and 4 were obviously refused without error.

We do not think there is shown reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.