## HARGROVE v. J. SMITH & CO.

1. A note, described as made at *Columbus, Geo.*, after judgment, will not be presumed to have been made in the State of Georgia, for the purpose of reversing the judgment.
2. The want of jurisdiction in the Circuit Court does not appear from the fact that only forty-eight and eighty-seventh hundreths dollars, were due for principal and interest, (computing the latter at eight per cent.) when the note was sued.

Writ of Error to the Circuit Court of Russell County.

ASSUMPSIT on a promissory note, described as having been made at *Columbus, Geo.,* on the 10th day of August, 1836,

Hargrove v. J. Smith & Co.

for forty-two dollars, payable one day after date. The writ issued 29th September, 1838, and there was then due on the note, only forty-eight and eighty-seventh hundreths dollars, for principal and interest, if the latter is computed at eight per cent. The judgment entry recites that the defendant withdrew his plea. Hargrove prosecutes the writ of error and assigns as error

1st. That the Circuit Court erred in rendering a final judgment without the intervention of a jury, for the interest of a note which appears to have been made in the State of Georgia.

2d. Because the Circuit Court had no jurisdiction when the action was commenced, as less than fifty dollars were then due on the note.

HARRIS, for the plaintiff in error.

DARGAN, contra.

GOLDTHWAITE, J.—1. The first assignment of error is not supported by the record, so as to bring this case within the influence of previous decisions of this court. The declaration contains an averment that this note was made at *Columbus, Geo.;* it may be, that this is the usual manner to designate the State of Georgia, if an abbreviation is used, but it would be extending inferences to a most unwarrantable extent, to presume it to be so to reverse a judgment. The legal presumption after verdict is, that the venue stated at the commencement of the declaration, extends to every fact alleged, unless contradicted by express averments. In the case of Peacock v. Banks, (Minor 387,) the note was described as made payable at the Branch Bank of the State of Tennessee, in Nashville; in Evans v. Clark, (1 Por. 388,) the evidence shewed the note was made in South Carolina; and in Evans v. Irvin, the same fact appeared from the record. As there is no averment that this note was made in Georgia, we must presume it made where the venue is laid, *i. e.* in Russell county, of this State. This presumption of course, disposes of the first assignment of error.

2. In Cummings v. Edmonson, (5 Por. 105,) we held that the statute of 1807, authorizing the courts to direct nonsuits in

11

cases where the proper jurisdiction was sought to be evaded, contemplates two distinct classes of cases; in one of which, the court trying the cause has no discretion, but must nonsuit; but in the other, it can only do so when a sum is diminished beyond what is due, on purpose to evade the statute. It is certain that the statute referred to has not changed the rules of pleading, except that it gives to the courts power to interpose in a summary way, without a plea to the jurisdiction; but this power is given without restriction only in those cases *where the suit is commenced for a less sum than the Court can legally take cognizance of.* When this declaration is examined no one can determine from it, *where* the note was actually made. We have already shewn that the *prima facie* intendment must be that it was made in Alabama; but it was entirely competent for the plaintiffs at the trial of an issue, under the averments of this declaration to show it to have been made in Georgia, or elsewhere, where the interest and incidental expenses may be of a different grade from what they are here, and these would be allowed in our courts certainly to any amount not exceeding the damages laid in the declaration.

We have not adverted to the facts that the defendant withdrew his plea, which, for aught that we can know, may have been to the jurisdiction of the court for the very cause in which he now seeks a reversal of the judgment. We have preferred rather to rest our decision on the ground that the jurisdiction of the Circuit Court is not denied by the appearance of the record.

Let the judgment be affirmed.