12  54
124 669

## DICKINSON v. THE BRANCH BANK AT MOBILE.

1. When a bill of exchange is drawn in this State, payable "at the Merchants Bank in the city of New York," this court will take judicial notice that the *city of New York*, is the commercial city of that name, beyond the limits of this State.

2. When a bill is drawn within this State, payable at a place beyond its limits, interest, and damages cannot be recovered of the acceptor, upon its dishonor, without proving the law of the place of payment, giving such damages, and interest.

3. It is no objection that interest, and damages for non-payment, are included in the same entry of judgment, without specifying the amount of each, separately.

Writ of Error to the Circuit Court of Mobile.

THIS was a proceeding by notice and motion, at the suit of the defendant in error, against the plaintiff, as the acceptor of a bill of the following tenor :

" $1,000.                          *Mobile, May* 31, 1841.

Sir—On the 20th day of December next, pay to David Files, or order, one thousand dollars, (this my second exchange, first of the same tenor and date unpaid,) negotiable and payable at the Merchants' Bank in the city of New York, for value received, and charge the same to the account of

        Your ob't servant,           WM. CRAWFORD.

To WM. C. DICKINSON, Esq., Mobile.

On the 30th of November, 1846, a judgment by default was rendered by the circuit court against the defendant below for "thirteen hundred and ninety-eight 60-100 dollars, the amount of said bill of exchange, and the interest and damages thereon," together with costs. This judgment recites that thirty days notice of the motion had been given to the defendant; that the plaintiff produced the certificate of "C. C. Clay, F. S. Lyon, and Wm. Cooper, commissioners and trustees under the act of the General Assembly of said

State, to regulate the affairs of the banks, and provide for the payment of the State bonds, approved 4th February, 1846, that the said debt is really and *bona fide* the property of the said Branch Bank." In the transcript, a notice of the motion, and a certificate, is copied *in extenso*, both of which are drawn up in the names of Francis S. Lyon, Charles C. Clay, and Wm. Cooper, as commissioners and trustees, &c.

W. CRAWFORD, for the plaintiff in error, insisted that the acceptor of a bill of exchange was liable for interest after protest, according to the laws of the place where the bill was payable. [4 Pet. Rep. 123; 8 Metc. Rep. 107.] The decision heretofore made by this court, that the drawer of a bill in this State, payable elsewhere, will be chargeable with interest according to the laws of this State, because the statute gives interest on a protested bill against the drawer and indorser, does not embrace the present case.

The certificate of the commissioners, that the bill is the property of the bank, being required by the statute, is a part of the record; and the court must know that Charles C. Clay, is not the name of either of the commissioners : Further, the certificate purports to be signed by H. B. Holcomb, as attorney for the commissioners, and there does not appear to have been any proof of his authority.

It has been decided by this court, that the acceptor of a bill is not liable for damages, yet in the present case, judgment is rendered for both interest and damages, without specifying the amount of each.

J. W. LESESNE, for the defendant in error, insisted that it must be intended, from the bill being addressed to the acceptor, at Mobile, that it was there accepted by him, and the transaction was between citizens of this State. This being so, the law of the place of contract governs. [Arnot v. Redfern, 2 Car. & P. Rep. 88.]

It cannot be known judicially, that 'the city of New York' is not within the State, where the record is entirely silent upon the subject. And the fact of the bill being payable at the 'Merchants Bank,' can have no influence in attaining such a conclusion.

The objections to the certificate, that the plaintiff below was the *bona fide* proprietor of the bill, even if well taken, cannot avail the defendant. The judgment entry recites a proper certificate, and that *professed* to be copied in the transcript, is no part of the record.

Judgment is not rendered for the statute damages allowed against the drawer of a bill drawn in this State—this will be ascertained by calculating interest since the dishonor of the bill; which added to the principal, makes the aggregate of the recovery.

COLLIER, C. J.—In Hanrick v. Andrews & Bros. 9 Porter's Rep. 9, it was decided that where parties enter into a contract, without any stipulation for interest, but upon which, on default of payment, interest accrues, its rate must be admeasured by the laws of the country where the contract was made ; unless the parties contracted in reference to another jurisdiction, in which case the *lex loci solutionis* will govern. A bill thus drawn in N. York, payable in Alabama, if not paid at maturity, will draw interest according to the law of the latter, when sought to be enforced against the acceptor. His undertaking is absolute and direct to pay at the place where upon its face the bill is payable. In legal effect his acceptance is equivalent to the making a promissory note; and in such case the law of the place of payment ascertains the interest, if the law is silent in respect to it. See also Story on Bills, § 148, and citations in note.

Crawford v. The Branch Bank at Mobile, 6 Ala. R. 12, merely determines, that according to the rules of the law merchant, as well perhaps as a proper construction of our statute, the interest upon a dishonored bill, drawn in this State, on a person drawn in some other, when sued against the drawer, must be governed by the laws of Alabama in respect to interest. This decision is clearly correct, and depends upon reasoning which cannot be applied to the case at bar.

It must be intended, that the "city of New York," as expressed in the bill, is our great commercial emporium—a point at which quite half the revenue of the nation is collected from duties on imposts—a place recognized by almost

numberless acts of Congress, both public and private. This, independently of the history (statistical and general) of the country, forces on us a knowledge of the geography of New York, and that it is *extra territorium*. The cases of Hargrove, Smith & Co. 1 Ala. Rep. 80, and Smith v. Robinson, at the last term, go as far to limit judicial intendment on this point as we feel inclined, yet we are now called on to go quite beyond them. This we cannot do, without disregarding the influence both of reason and precedent.

In Hanrick v. The Farmers' Bank of Chattahoochie, 8 Porter's Rep. 539, we held, that the damages given by statute upon the dishonor of a bill of exchange were not recoverable of the acceptor of an inland bill. The same rule, upon a just construction of our statute, we think must hold, where a bill drawn here is payable in another State, if it does not appear that the laws of the latter give damages in such a case.

Upon calculating the interest according to the law of this State, we discover that the judgment does not embrace the statute damages. If a judgment for both interest and damages, could be supported in the condition of the record, it would be no objection that the clerk omitted to state in the entry, the several amounts of each—if the recovery did not exceed the aggregate of both. The old, and strict rule upon this subject has long yielded to the progressive spirit of more enlarged and liberal views of justice.

For the error of the circuit court in rendering judgment by *default*, for interest, and in the absence of evidence showing what the law of New York is upon the subject, the judgment is reversed and the cause remanded.