## HUNT'S EXECUTOR *vs.* HALL.

[ ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Conflict of laws as to rate of interest.*—A promissory note, made in this State, but payable in New Orleans, bears interest according to the laws of Louisiana, unless a different rate is specified in the note.
2. *Alteration of written, by subsequent verbal contract; variance.*—The maker and holder of a promissory note may, by subsequent verbal agreement, founded on sufficient consideration, change the rate of interest which it bears; yet the holder cannot, in a suit on the note itself, recover on such modified contract.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by the executrix of Thomas F. Hunt, deceased, against John Hall, Joseph Hall, and Gerald B. Hall ; was founded on the defendants' promissory note for $2,000, dated Mobile, March 11th, 1850, payable to John Hunt, or order, in the city of New Orleans, with interest from date, and assigned by the personal representative of said John Hunt to the plaintiff's testator ; and was commenced on the 23d March, 1859. The defendants pleaded the general issue, and payment. On the trial, as the judgment entry shows, the plaintiff read in evidence the note which was the foundation of the suit, with the several credits endorsed, and the deposition of one Walker. The credits endorsed on the note were the following: "New Orleans, March 6, 1851, $160, interest on this note to the 11th inst." ; "New Orleans, March 10, 1852, $160, for one year's interest on this note"; "on account of principal and interest of this note, $1,500, Dec. 8, 1858" ; "on account of principal and interest, $1,027 50, April 15, 1859." The last endorsement was signed by the plaintiff's attorney ; the others, as Walker testified, were in the handwriting of the personal representative of John Hunt. Walker testified, also, to facts tending to show that, by the terms of the contract between the payee and makers, the note was to bear eight per cent. interest; and that, by subsequent agreement between himself, as the collecting attorney of the plaintiff, and one of the defendants, the latter expressly promised to pay eight per cent. interest, in consideration of his forbearance to sue until a specified day, which had passed before the commencement of the suit. It was admitted, that the legal rate of interest in Louisiana was five per cent. This being all the evidence introduced by the plaintiff, the defendants demurred to it ; and the court thereupon rendered judgment for the plaintiff, for one cent damages, besides costs ; holding, that the defendants were indebted to the plaintiff at the commencement of the suit, but had paid the sum due. The plaintiff appeals from this judgment, and here assigns the same as error.

W. C. EASTON, for appellant.—The judgment of the court below is founded on the erroneous assumption, that the note carried only five per cent. interest, and was therefore fully paid by the credits endorsed on it. It has been decided in Louisiana, that if the rate of interest specified in a contract be according to the law of the place where the contract was made, although that rate may be greater than is allowed by the law of the place where payment is to be made, the courts of the latter place will enforce the payment of the specified rate, as a part of the substance of the contract.—*Dessau v. Humphreys*, 20 La. 11. The same doctrine prevails in New York and Vermont; is said by Chancellor Kent to have much to recommend it, for reasonableness, convenience, and certainty; is fully sustained by Judge Parsons, and is cited with approbation by this court, in *Hanrick v. Andrews*, 9 Porter, 30.—See *Chapman v. Robinson*, 6 Paige, 627; *Peck v. Mayo*, 14 Vermont, 33; 2 Kent's Com. 460, note; Parsons on Contracts, 96, note. The rate of interest not being expressed on the face of the note, Walker's testimony was admissible to prove it.—*West v. Kelly*, 19 Ala. 353; *Hanrick v. Andrews*, 9 Porter, 35; 31 Ala. 721; 1 Greenl. Ev. §§ 286, 288.

CHAMBERLAIN & HALL, *contra.*—The note being payable in New Orleans, the rate of interest is to be determined by the law of Louisiana.—*Dickinson v. Branch Bank*, 12 Ala. 54; Story on Conflict of Laws, (4th ed.) § 291.

R. W. WALKER, J.—The note was made payable in Louisiana, and, being silent in respect to the rate of interest, must bear interest according to the law of that State. *Dickinson v. Branch Bank*, 12 Ala. 54; Story on Conflict of Laws, § 291; *Scofield v. Day*, 20 Johns. 102; *Peck v. Mayo*, 14 Vermont, 33. It was an admitted fact in the case, that the legal rate of interest in Louisiana is five per cent. It is clear, therefore, that if we look alone to the note itself, in connection with the admitted law of Louisiana, which is silently incorporated into it as one of its

Hunt's Executor v. Hall.

terms, the defendant was only bound to pay interest at the rate of five per cent.; and on that hypothesis, the payments proved satisfied the note.

[2.] It is true, however, that although the legal effect of the note was a promise to pay only five per cent. interest; still it was in the power of the parties to modify the written contract, in this respect, by a subsequent verbal agreement, founded on sufficient consideration.—*Smith v. Garth*, 32 Ala. 373; *Stoudenmeier v. Williamson*, 29 Ala. 569. And under a complaint counting on the original contract as modified by the subsequent parol agreement, the plaintiff would be entitled to recover the rate of interest stipulated by such agreement. But, in a suit upon the note itself, it is not allowable to prove a subsequent change of its terms, and recover upon the contract as thus modified. That would be, to allege one contract, and recover upon another; which the law will not tolerate.—See *Taylor v. Pope*, 3 Ala. 190.

While, therefore, it may be admitted, that there was evidence tending to show a subsequent parol agreement, whereby the defendant bound himself to pay interest at the rate of eight per cent.; yet, as the only count in the complaint was upon the note itself, such proof could be of no avail to the plaintiff. Nor would it help the plaintiff, to show that the defendant had, at different times, paid interest on the note at the rate of eight per cent. That fact, if established, could not, of itself, operate to change the legal effect of the note; and even if it did, it would not avail the plaintiff in this suit, who can only recover upon the contract alleged, according to which, as we have seen, the rate of interest to be paid was five per cent.

Judgment affirmed.