# Bonifay *v.* Hassell.

### *Action for Breach of Contract.*

1. *Time of performance of contract.*—Where a person contracts to raft timber "as fast as same is put to the mouth of creek, and run timber as fast as water will permit," he can be required to do no more than perform his contract within a reasonable time.

2. *Measure of damages for breach of contract.*—Where a person contracts to raft logs for the owner, and deliver them at a certain place, and the owner wrongfully prevents him from performing his contract, the measure of his damages is the difference between the price the owner agreed to pay for the logs, and the actual cost of delivering them, or the profit he would have made if he had been permitted to perform, and not the full contract price.

3. *Charge as to performance of contract by plaintiff.*—Where, in an action by such contractor against the owner for damages for refusing to permit plaintiff to raft and deliver the logs. there was evidence that plaintiff was ready and able to perform, "but was prevented by the wrongful act of defendant. and that he was then performing his contract when prevented by defendant," the court properly refused to charge that. unless plaintiff has shown "that he has performed his duties as stipulated in the contract in a reasonably skillful and prompt manner," he is not entitled to recover.

4. *Charge as to plaintiff's earnings from other employment.*—Where, in such case, there was no evidence of what plaintiff earned after the breach of the contract by defendant, except that "after Christmas he got employment, and made a living out of it," there was no basis for an instruction that there should be deducted from what plaintiff was entitled to recover the amount he subsequently earned as shown by the evidence; and requests embracing such proposition were properly refused.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The contract provided that plaintiff should raft timber as fast as it was delivered at the mouth of a certain creek; and run the same down to Ferry Pass, Fla., as fast as the river would permit; and that for this service defendant was to pay plaintiff 30 cents per stick for all the timber delivered at

[Bonifay v. Hassell.]

Ferry Pass, and plaintiff was to pay $3 per stick for all timber lost. The evidence tended to show that some time in December, after making the contract, plaintiff had a quantity of timber which was caught by defendant in a boom at the mouth of the creek, but not rafted; that on Friday plaintiff left the mouth of the creek, and went to a certain village, to get rope for rafting, and did not return until Sunday, about noon; that while he was gone there came a swell or rise in the river, and the timber of defendant got afloat in the river; that no one was left by plaintiff to look after the timber; that defendant, discovering his timber floating, and liable to be lost, procured a force of hands on Sunday morning, and went to work securing it, and continued to work until late in the evening; that about noon plaintiff came and worked a short time, and quit before all the timber was secured; that defendant insisted on plaintiff continuing to work to secure the timber, and pick up that which was adrift, but the latter declined to work on Sunday; and that thereupon defendant said to him that he would have to take charge of his own timber. There was evidence that the actual cost of running the timber from the mouth of the creek to Ferry Pass, was between 22 and 26 cents per stick; that the timber in question could have been run on that swell or rise of the river if plaintiff had rafted the timber; that other timber had been run to Ferry Pass, on the same swell; that before another rise of the river came timber declined $1\frac{1}{2}$ cents per cubic foot, and there were three rafts delayed, containing between 100 and 110 pieces, and that the pieces averaged 40 cubic feet; that there were lost 30 pieces of timber; and that plaintiff procured other employment, "and made a living out of it," but it was not shown what was the amount of wages earned by him. The court, at the request of the plaintiff, gave the following written charge: "The court charges the jury that if they are reasonably satisfied from all the evidence in this case that Hassell, the plaintiff, used such care and diligence in the rafting and running of the timber mentioned in the contract in this case as a reasonably prudent man would have done under the same circumstances, and that defendant broke the contract, then plaintiff is entitled to recover 30 cents per stick for all timber cut on defendant's mill and run to the mouth of said creek from the time the contract was broken up to the present time, and they should so find by their verdict." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written

[Bonifay v. Hassell.]

charges: (1.) "The court charges the jury that, unless the plaintiff has shown to the reasonable satisfaction of the jury that he has performed his duties as stipulated in the contract in a reasonably skillful and prompt manner, then he is not entitled to recover, and their verdict should be for the defendant." (2.) "If the jury are reasonably satisfied from the evidence under the law as charged by the court, and if they are further satisfied that the service undertaken by plaintiff to be performed under the contract was such that it required assistance to aid him in the performing of the same, then the amount of his damage cannot be more than the amount of the contract price less the amount of such reasonable and proper assistance as would be necessary to make him able to perform his contract, from which should be deducted the amount of all timber lost at $3.00 per stick, and the amount he afterwards realized by his subsequent employment, as shown by the evidence." (3.) "The court further charges the jury that if plaintiff is entitled to recover in this case under the evidence and rules of law given them in charge by the court, there should be deducted from the amount received, in addition to the timber lost, if any was lost, and the amount received by plaintiff by other employment, if any is shown, the further sum of any difference in the price of timber, if shown by the proof, between the market price of the timber if it had been delivered as contracted, if it could have been delivered earlier by reasonable diligence, and the market price of the timber when it was actually delivered."

JOHN GAMBLE and HENRY OPP, for the appellant.

HARALSON, J.—The complaint in this case is in accordance with form 9, p. 291, of the Code, for the breach of a dependent covenant or agreement. The demurrer to it was overruled, and the ruling though assigned as error, is not insisted on in argument of counsel, and is therefore waived.

The pleas upon which issue was joined were the general issue, set off and recoupment.

1. The court in its general charge, first excepted to by defendant, stated to the jury, "That the contract should be so interpreted, that the timber should be delivered in a reasonable time." The contract of the plaintiff was, "to raft said timber as fast as same is put to the mouth of creek, and run timber as fast as water will permit." It took time, certainly, to collect a raft, after the timber was put in the

creek, and time to run it to its destination, and the plaintiff could be required to do no more than perform his contract in a reasonable time. Under the contract and the evidence in the cause, this charge was free from error.

2. In the second charge given, the measure of damages is incorrectly stated, and it was for this reason erroneous. The plaintiff, if entitled to recover, was entitled to no more than the difference between the price defendant agreed to pay for the delivery of the timber, and the expense to plaintiff in delivering it, or in other words, to the profit it was shown he would have realized, if he had not been discharged, but allowed to perform his contract.

3. The first charge asked by defendant was properly refused. There was evidence tending to show, that plaintiff was ready and able to perform his contract, "but was prevented by the wrongful act of defendant, and that he was performing his contract when prevented by defendant;" and the charge completely ignored this evidence.

4. There is no proof of what plaintiff earned by the labor he afterwards performed, further than that, "after Christmas, he got employment and made a living out of it." There was no basis therefore for the request that there should be deducted from what plaintiff was entitled to recover, the amount he afterwards realized by his subsequent employment, as shown by the evidence. The jury could not have calculated what he earned; and the second and third charges asked by defendant and refused were, for this reason abstract, and calculated to mislead, and may have been properly refused on that account. 3 Brick. Dig. p. 113, § 106. Besides, said charge No. 2 assumed, as a matter of fact, that there were timbers lost in the rafting, and was erroneous, also, for this reason.

Reversed and remanded.