(81 South. 818)

CABLE CO. v. SHELBY.  (6 Div. 856.)

(Supreme Court of Alabama.  April 10, 1919.)

1. APPEAL AND ERROR ⊜737 — ASSIGNMENT OF ERRORS—INCLUDING ERRORS IN ONE ASSIGNMENT—PLEADINGS.

Conjunction of three rulings on demurrers in a single assignment of error renders the whole assignment bad.

2. CORPORATIONS ⊜308(1) — ADVANCES BY AGENT—RECOVERY.

Where plaintiff, employed by a parent piano company to organize subsidiary company on agreement that expenses should be repaid, secured the money to cover such expenses from another subsidiary company having no authority to pay, parent company is liable to plaintiff for the expenses, though plaintiff repaid the money secured to parent company on its promise to apply it for benefit of subsidiary company paying it.

3. ACCORD AND SATISFACTION ⊜2(2) — CONSTRUCTION—INDEBTEDNESS COVERED.

A written proposal made by plaintiff as to settlement of indebtedness owing by him to defendant and return of collateral securing it, and a written acceptance by defendant, held not to include a settlement of plaintiff's separate claim sued on in the present action.

4. TRIAL ⊜251(4)—INSTRUCTIONS—REFUSAL OF REQUESTS.

Requested instruction that "there can be no recovery in this case on an implied contract" was properly refused, where the complaint did not declare on an implied contract, but only upon an express one.

5. INTEREST ⊜28—RATE—WHAT LAW GOVERNS.

The rate of interest to be allowed on a claim for expenses in organizing a subsidiary piano company in Alabama would be 8 per cent., the Alabama rate, where it was contemplated that

[3] 201 Ala. 361.     [4] 201 Ala. 362.     [5] 202 Ala. 442.

such expenses would be incurred in Alabama and they were so actually incurred.

6. APPEAL AND ERROR ⊚⟶1043(6)—HARMLESS ERROR—INTERROGATORIES — EXCLUSION OF ANSWERS.

Exclusion of defendant's answers to interrogatories, if error, was harmless, where the facts stated could have no possible influence upon determination of the issue.

7. APPEAL AND ERROR ⊚⟶728(1) — ASSIGNMENT OF ERRORS—RULINGS ON EVIDENCE—BROAD APPLICATION.

An assignment of error which recites the overruling of an objection to testimony as to conversation with a witness is too broad to fit a specific objection thereto.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Assumpsit by John R. Shelby against the Cable Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The original complaint was on the common count claiming $974.86 for money loaned by plaintiff to the defendant, and for money due on an account stated; and two special counts showing an agreement between them to the effect that, if plaintiff would promote and organize the Cable-Shelby-Burton Piano Company at Birmingham, defendant would reimburse plaintiff for the expenses thereof paid for by him; that plaintiff, in pursuance of said agreement, did promote and organize said company as a corporation at Birmingham; that plaintiff did in that behalf pay from his own funds the expenses thereof in the amount sued for; and that defendant has refused to repay said amount to said plaintiff. By amendment the two common counts were eliminated, and a fifth count was added, which is, with some elaboration as to the facts, a count for the recovery of money paid by plaintiff for defendant at defendant's request. Three separate demurrers were interposed to these counts severally and were severally overruled. The first assignment of error is that the court erred in overruling defendant's demurrers to the third, fourth, and fifth counts of the complaint. The other matters sufficiently appear.

Robert E. Smith and N. L. Steele, both of Birmingham, for appellant.

John T. Glover, of Birmingham, for appellee.

SOMERVILLE, J. [1] The grounds assigned in the first and second demurrers are palpably without merit, and were properly overruled. If the trial court erred in overruling the third demurrer—which we need not decide—the conjunction of the three rulings in a single assignment of error renders the whole assignment bad. Jordan v. Rice, 165 Ala. 650, 51 South. 517.

[2] The evidence shows without dispute that plaintiff, who was manager of the Cable Piano Company of Denver, a subsidiary corporation owned by the Cable Company of Chicago (the defendant herein), was sent by defendant's president, acting for defendant, to promote and organize a piano company at Birmingham, for the handling of defendant's pianos, with the understanding that his regular salary would be continued, and that defendant company would bear the expenses incurred in such organization. The evidence also shows without dispute that plaintiff expended in that behalf the aggregate amount of $974.86, which he currently obtained by requisitions on the Denver Cable Company—but without authority or right, as the Denver Company's business was separate and distinct from defendant's.

As we read the record, the only contentions seriously made by defendant on the trial were: (1) That plaintiff voluntarily repaid to defendant the expense money obtained from the Denver Company, and thereby foreclosed his right to again recover it; and (2) the claim was included in a settlement of certain other business dealings between the parties, and was by that settlement discharged.

Neither of these contentions can be sustained: (1) It is true that plaintiff, upon the request of defendant's president, repaid to defendant the expense money wrongfully obtained by him from the funds of the Denver Company; but this payment was made according to plaintiff's testimony, for the benefit of the Denver Company, upon the promise of defendant's president to so apply it, and to "straighten it out" later on. The object of this transaction was obviously to correct the previous irregularity, and not to renounce his claim by plaintiff, nor to deny its validity by defendant's president. Thus explained, the prima facie significance of plaintiff's repayment of the money was completely nullified.

[3] (2) Plaintiff had borrowed $10,000 from defendant for the purchase of that much stock in the new Birmingham Company, which he attached as collateral to his notes therefor, and gave as additional security a mortgage on real estate. In the face of defendant's threat to foreclose on the debt, and upon defendant's invitation to propose in writing some settlement of the matter, and to also present his claim for organization expenses, plaintiff made a written proposal: (1) That he should be allowed to extend his obligation by a renewal of the notes; or (2) that he should surrender the collateral excepting his real estate mortgage, and that the notes be returned to him canceled. Plaintiff then called attention to his claim for expenses, and the circumstances under which he paid them, and remarked that they had never been refunded to him.

Defendant, by its attorney, wrote to plaintiff that—

"The Cable Company has accepted proposition No. 2 as set forth in your letter of January 10th. As a consequence, we are returning to you herewith, properly canceled, your notes to the extent of $10,900.00, also mortgage given to us as security, the notes simply being marked 'paid,' no release of the mortgage being necessary, as it was not recorded. We also inclose abstract of title upon the property."

These writings, the one of proposal, and the other of acceptance, are complete in themselves, and defendant's acceptance of plaintiff's proposition No. 2, and its execution thereof, very clearly excludes from consideration any question of the satisfaction of plaintiff's separate claim for expenses. As a matter of law, it was not included in the adjustment of the other matter, whatever may have been the understanding of defendant's representatives in the transaction.

The general affirmative charge was properly refused to defendant.

[4] Defendant's requested instruction that "there can be no recovery in this case on an implied contract" was properly refused as abstract, since the complaint did not declare on an implied contract, but only upon an express one.

The tenth and eleventh assignments of error are based upon exceptions to specified language of the trial judge in his oral charge to the jury, which, however, is not to be found in the charge. The assignments cannot, therefore, be sustained.

[5] With respect to the rate of interest to be allowed on plaintiff's claim, as it was contemplated that plaintiff's expenses would be incurred in Alabama, and his disbursements in that behalf were actually made in Alabama, the jury were properly instructed that the rate of interest would be 8 per cent. Hunt's Ex'r v. Hall, 37 Ala. 702; Cubbedge v. Napier, 62 Ala. 518.

[6] If there was error in not excluding defendant's answers to interrogatories 3 and 6, it was entirely harmless, since the facts stated therein could have had no possible influence upon the determination of the issue.

[7] The ninth assignment of error, reciting the overruling of defendant's objection to the testimony of plaintiff "as to the conversation with the witness Draper," is too broad to fit the objection as actually made. Moreover, as to the actual objection, the record shows that plaintiff did not complete the statement objected to, and no prejudice therefrom is apparent.

On the whole case, we are satisfied that the jury reached a proper conclusion, and we find no prejudicial error in the record.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.