(99 South. 794)

## McCORD v. ROGERS.　(5 Div. 885.)

(Supreme Court of Alabama.　April 10, 1924.)

**1. Pleading ⟨key⟩8(7)—Complaint for breach of contract to accept lumber sawed held not demurrable as stating mere conclusions.**

Complaint alleging that plaintiff manufactured lumber in strict compliance with a contract until defendant refused to accept and pay for the lumber manufactured, setting out contract as exhibit and specifying manner of breach and that price at time of breach was far below that at time contract was made, *held* not subject to demurrer as stating mere conclusions.

**2. Pleading ⟨key⟩54—Count held not demurrable as incorporating part of another count subsequently eliminated.**

A count in a complaint *held* not demurrable as failing to state cause of action, because adopting a part of another count which was subsequently eliminated, elimination of such count not carrying with it so much thereof as was incorporated in count demurred to.

**3. Appeal and error ⟨key⟩1040(7)—Sustaining demurrer to plea alleging matter provable under general issue not reversible error.**

In an action for breach of contract to accept lumber sawed for defendant, it was not reversible error to sustain demurrer to plea that plaintiff failed to cut lumber according to contract and that he miscut a large percentage thereof so as to destroy its market value, such averment being provable under general issue.

**4. Logs and logging ⟨key⟩21—Refusal of charge as to performance of contract to saw lumber held error.**

In an action on common counts and for breach of contract to accept lumber sawed for defendant, refusal to charge that if defendant contracted to purchase only lumber manufactured from timber on certain lands and paid for all lumbers so manufactured verdict should be for defendant, *held* error, there being evidence sustaining such requested charge.

**5. Logs and logging ⟨key⟩21—Burden of proof in action for failure to accept lumber sawed under contract stated.**

In an action for damages for failure to accept and pay for lumber sawed by plaintiff for defendant, burden was on plaintiff to prove damages and amount thereof as result of defendant's breach.

**6. Trial ⟨key⟩253(10)—Refusal of requested instructions ignoring evidence not error.**

In action for failure to accept and pay for lumber sawed by plaintiff under contract with defendant, it was not error to refuse a charge requested by defendant that, if he paid for all the merchantable lumber cut from certain land,

verdict should be for him, where it ignored evidence of agreement to accept certain lumber regardless of where the logs came from.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action by Joe G. Rogers against Z. D. McCord, for breach of contract. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts of 1911, p. 449, § 6, Reversed and remanded.

That part of count 2 of the complaint adopted as a part of count AA is as follows:

"The plaintiff claims of the defendant the further and additional sum of $3,500.00 for that whereas on to wit: February, 14th, 1920 the plaintiff and defendant made and entered into a written contract a copy of said contract is hereto attached marked exhibit "A" and made a part hereof as if written herein and plaintiff avers that the defendant has breached said contract and failed to discharge the duties he owed the plaintiff under said contract in this."

Count AA reads:

"AA. Plaintiff adopts all of count 2 of the complaint as a part of this count down to and including the words "in this" when they first occur together in said count and as thus adopted, he adds thereto the following words of averment, viz.: Plaintiff began to manufacture lumber on said saw mill, in strict compliance with the terms and conditions of said contract, and cut the same in accordance with orders given him by defendant and in a merchantable manner, and continued to do so until about to wit: October, 1920, at which time defendant breached said contract in that he refused to take and pay for or to take and pay for lumber thus manufactured on said saw mill, which was then and there sawed on said mill and stacked on the yard at said mill, amounting to about 100,000 feet, and has never taken or paid for same, although same has been cut and stacked on said yard, as provided by said contract for more than four months prior to the filing of this suit in this case. Plaintiff avers that just prior to the time defendant breached said contract, as aforesaid, the market value of said lumber greatly declined, from what it was when said contract was made, to where it was and still is, far below the price fixed for same in said contract, and there is a loss to this plaintiff of $15.00 per thousand feet for such lumber cut and stacked, by plaintiff, as aforesaid, on said yard, and plaintiff claims such loss as damages against the defendant for the breach of said contract."

The contract declared upon and exhibited with the complaint reads:

"Goodwater, Ala., Feb. 14, 1920.

"This contract made and entered into by and between Joe G. Rogers, party of the first part, and Z. D. McCord, party of the second part.

"Joe G. Rogers, party of the first part agrees to saw and stack at his mill all the lumber sawed at Roger's mill on the Monk Mann place

for Z. D. McCord at the following prices: B and better lumber at $40.00; No. 1 and No. 2 lumber at $25.00.

"Lumber that Rogers needs for his own use in building to be excepted from this lumber. Rogers agrees to saw merchantable lumber.

"Z. D. McCord agrees to pay 80% of the amount of the lumber in stock every two weeks, and settle for the remainder when the lumber is moved.

"Party of the first part guarantees the count of the lumber when moved from the stock.

"Party of the second part agrees to pay for the lumber when moved, and to move same when dry or within four months. In case the lumber is not moved within 4 months, party of the second part agrees to settle for lumber in 'full. Party of the second part agrees to furnish orders to suit the timber.

"This contract to be terminated when the lumber is sawed out' at the present location on the Monk Mann place. [Signed] Joe G. Rogers, Party of First Part. [Signed] Z. D. McCord, Party of the Second Part. [Signed] Mary McCord, Witness."

These grounds of demurrer were assigned to count AA:

"A. For that said count in that part of the same alleging that 'plaintiff began to manufacture lumber on said mill in strict compliance with the terms and conditions of said contract' states the mere conclusion of the pleader.

"B. For that said count states mere conclusions in that portion of the same stating that the price of lumber declined from what it was when said contract was made to where it was and still is far below the price fixed for same in said contract states mere conclusions and does not state facts—does not state the price to which lumber has declined."

Defendant's plea 4 is as follows:

"4. That the plaintiff failed to cut said lumber that was sawed by him according to the specifications of the contract in this that a large percentage of said lumber was miscut and for this reason had no market value, and had to be disposed of at such price as could be obtained for it whenever a purchaser of the same could be found."

Refused charges A, C, and AA, requested by defendant, are as follows:

"A. I charge you, gentlemen of the jury, if you are reasonably satisfied from all the evidence in this case that the defendant contracted with the plaintiff to purchase only the lumber manufactured from the timber on the Mann land, and did receive and pay for all the lumber manufactured from the timber on the said Mann land, then you will find a verdict for the defendant."

"C. The burden of proving to your reasonable satisfaction in this cause is upon the plaintiff to prove to your reasonable satisfaction that he has been damaged and the amount of the damages he has sustained resulting from the alleged breach of the contract by the defendant and this by a legal standard of measuring or computing the damages sustained by the plaintiff, and if the plaintiff has then failed you will find a verdict for defendant."

"AA. I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the defendant paid the plaintiff for all the merchantable lumber cut by plaintiff from the Monk Mann land then you will return a verdict for the defendant."

Jas. W. Strother, of Dadeville, and John A. Darden, of Goodwater, for appellant.

The contract in question is limited to timber on the Mann place. Christie v. Patton, 148 Ala. 324, 42 South. 614; Howard v. E. T., V. & G., 91 Ala. 268, 8 South. 868. Unless so construed, the contract is void for uncertainty and will not support an action. Shannon v. Wilson, 171 Ala. 409, 55 South. 102.

Riddle & Riddle, of Talladega, and L. H. Ellis, of Columbiana, for appellee.

For rules of construction of doubtful or ambiguous contracts, counsel cite Ashley v. Cathcart, 159 Ala. 474, 49 South. 75; Strouse v. Elting, 110 Ala. 132, 20 South. 123; Gadsden Ry. v. Gadsden Co., 128 Ala. 510, 29 South. 549.

ANDERSON, C. J. [1, 2] Count AA of the complaint was not subject to the grounds of the demurrer interposed thereto, as it was not necessary for the plaintiff to detail all of his acts essential to a compliance with the contract on his part. It does aver that the lumber was merchantable and was manufactured in strict compliance with the contract, sets out the contract as an exhibit, and specifies the manner in which it was breached by the defendant. Nor did said count fail to state a cause of action because it adopted a part of·count 2 which was subsequently eliminated. The elimination of count 2 did not carry with it so much thereof as was adopted in and made a part of count AA.

[3] The trial court did not commit reversible error in sustaining the demurrer to defendant's plea 4 for the reason that the material· averment of same was provable under the general issue.

[4] The trial court erred in refusing the defendant's requested charge A. It hypothesizes the facts relied upon in count AA, a failure to take and pay for the lumber which had then and there been· cut and stacked upon the yard under the terms of the contract. True, the charge left it open to the jury to find whether or not the contract covered timber on the Mann land alone or other lands as well, but the plaintiff could not complain of this, for the contract as matter of law should not have been construed as including timber from other lands, and, if the jury found that defendant received and paid for all lumber he had contracted to take and which had been cut and furnished by plaintiff, he was entitled to a verdict. True, the charge is not confined to a verdict as to count AA, but goes to the whole case, but its

refusal cannot be justified, as suggested by counsel for appellee, because there was undisputed evidence in support of the common counts. The plaintiff did testify that he was docked $1 per thousand for some of the lumber for a failure to stack same and that it was hauled away before he could stack it or even if he had to stack it it could have been done for 35 cents a thousand and not $1 as deducted by the defendant. The plaintiff did not, however, fix any definite amount of lumber so furnished and from which the deduction was made, and it was open for the jury to find that the defendant had paid the plaintiff in excess of the price of the lumber sufficient to cover the deduction. McCord and his daughter both testified that plaintiff had been overpaid, approximately $200, and the charge left it open to the jury to find whether or not defendant had received and paid for all the lumber furnished by the plaintiff to him under the contract, which they should find to exist, and, if they should so find, the plaintiff was not entitled to a verdict either under count AA or the common counts.

[5] Charge C, refused the defendant, could have well been given, as it merely fixes the burden of proof where it belongs. Whether or not it was so covered by the oral charge, so as to prevent reversible error, we need not determine, as the case must be reversed for other reasons.

[6] There was no error in refusing defendant's requested charge AA. Even if it be conceded that the original contract applied only to the Mann land, the charge ignores some of the plaintiff's evidence to the effect that defendant agreed to accept a certain quantity of lumber as well as other to be sawed from logs then on the yard, regardless of where they came from. This feature, however, was covered by refused charge A, by the hypothesis that defendant contracted to purchase only the Mann timber and received and paid for all that he contracted to purchase.

There was no error in refusing defendant's charges X and Y, the general charge as to different counts, as it was a question for the jury as to whether or not defendant had breached the contract as charged in count AA or whether or not he had failed to pay plaintiff in full for all the lumber furnished.

The rulings upon the evidence present no reversible error, as the same were either free from error, or, if erroneous, were not injurious.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.