(105 So. 891)

MALONE v. REYNOLDS et al. (2 Div. 875.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

**1. Appeal and error ⊚737—Joint assignment of error in several rulings on demurrers and motions to strike unavailable, if any ruling was correct.**

Assignment of error, jointly assailing overruling of demurrers to, and motions to strike portions of, several counts of complaint, cannot avail defendant, if any count was not subject to such demurrers, or ruling on any of such motions was correct.

**2. Pleading ⊚8(7)—Complaint for breach of contract for hauling logs held not demurrable, as stating conclusion.**

Count of complaint held to state cause of action for damages by breach of written contract for hauling of logs by plaintiffs, and not demurrable, as stating conclusion in averment of plaintiffs' readiness, ability and willingness to perform.

**3. Damages ⊚40(2) — Profits lost as proximate result of breach of contract recoverable, if capable of estimation with reasonable certainty.**

Party wrongfully forced to abandon contract before completion without fault on his part may recover damages for its breach, including lost profits, if profits were constituent element of contract, their loss is natural and proximate result of breach and reasonably in contemplation of parties, and amount can be estimated with reasonable certainty; but profits are not allowable, if merely speculative, conjectural, or too remote.

**4. Damages ⊚124(3) — Reasonable expenditures, loss of time, and lost profits recoverable for breach of contract by wrongful prevention of completion by party complaining.**

Damages for breach of contract by wrongfully forcing party complaining to abandon it before completion consist in reasonable expenditures made and loss of time, less value of material on hand, plus lost profits which amount to difference between agreed price and cost of doing work, in estimating which less time engaged and release from care, trouble, risk, and responsibility attending full execution of contract should be considered.

**5. Damages ⊚40(2) — Loss of profits held natural proximate result of refusal to permit further performance of contract to haul logs.**

Profits held constituent element of contract to haul logs until all timber cut from certain land was delivered at mill, and loss of profits by refusal to allow further hauling a natural and proximate result of such breach of contract.

**6. Damages ⊚40(2)—Profits lost by refusal to permit further performance of contract to haul logs held estimable with reasonable certainty.**

Profits lost by refusal to permit further performance of contract to haul logs until all timber cut from certain land was delivered at mill held estimable with such reasonable certainty from number of thousand feet of timber remaining on land, contract price per thousand feet, and actual cost of hauling, as to permit recovery thereof.

**7. Appeal and error ⊚738—If any one of many rulings argued in bulk was proper, others will not be considered.**

If any one of many rulings on objections to testimony separately assigned as errors, but argued in bulk as if presenting one assignment, was proper, others will not be considered.

**8. Damages ⊚176—Evidence of cost of teamsters and teams held admissible, in action for breach of hauling contract.**

In action for breach of contract by refusal to allow further hauling of logs, evidence of cost of feeding plaintiffs' teams per day and cost per day for drivers held competent and relevant to ascertain cost of hauling in determining profits plaintiffs would have realized by performing balance of hauling.

**9. Appeal and error ⊚931(1)—Fact finding by court, trying cause without jury, subject to same presumption as jury verdict on conflicting evidence.**

Finding of facts by court trying cause without jury is subject to same presumption as jury verdict, where evidence was in direct conflict.

Appeal from Circuit Court, Greene County; Fleetwood Rice, Judge.

Action by John G. Reynolds and another against A. R. Malone. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 14 is as follows:

"(14) The plaintiffs claim of the defendant the further and other sum of three thousand dollars as damages, for that on, to wit, the 10th day of January, 1920, plaintiffs and the defendant entered into a written contract, a copy of which is attached to the original complaint in

this cause, marked 'Exhibit A,' and here referred to and made a part hereof, as fully as though the said contract were fully copied and set out herein; and plaintiffs aver that the defendant breached the said contract and failed to discharge the duties which he owed the plaintiffs under the said contract, in this, viz.: That plaintiffs at great expense procured all teams, wagons, and other equipment necessary for the proper performance of their part of the said contract; that plaintiffs entered upon their duties under said contract, and procured three teams and wagons, in order to carry out their part of the said contract; that for, to wit, six months from and after entering upon the discharge of their duties under the said contract, plaintiff hauled logs for the defendant from the Lamb place to defendant's sawmill under the terms of said contract, and were ready, able, and willing, having in their possession and under their control all of the teams and equipment, as provided for under the said contract, necessary to enable them to fully carry out and perform the said contract on their part, to fully perform their part of said contract; but on, to wit, the 5th day of November, 1920, and while the plaintiffs were still able, ready, and willing to continue to carry out and perform the said contract on their part, and while plaintiffs still had in their possession and under their control three teams and all equipment necessary to keep said teams busy hauling logs under said contract, the defendant breached said contract, in this: He refused to allow plaintiffs to continue to haul logs as provided for under the said contract, and instructed plaintiffs not to haul any more logs under the said contract; and plaintiffs aver that at that time there remained on said Lamb place, to wit, nine hundred thousand feet of logs and timber, which they were entitled to haul, and which they were ready, able, and willing to haul, under and in accordance with the terms of the said contract; and plaintiffs aver that there was a large profit to the plaintiffs in hauling said logs, at the price specified in the said contract, to wit, two dollars and fifty cents per thousand feet, for all logs so hauled—all to the damage of plaintiffs as aforesaid; hence this suit."

The contract exhibited is as follows:

"State of Alabama, Greene County:

"This contract and agreement, made and entered into this the 10th day of January, 1920, by and between A. R. Malone, party of the first part, and J. G. Reynolds and V. S. Reynolds, parties of the second part, witnesseth:

"That whereas, party of the first part owns the timber on the lands in Greene county, Alabama, known as the old Lamb place, situate near the property of party of first part and on which he lives, and which said Lamb place contains about four hundred and sixty (460) acres, and he desires the timber from the said Lamb place hauled to his sawmill now located on the Greenwood place, which is in the vicinity of the said Lamb place; and

"Whereas, parties of the second part desire to haul said timber to said sawmill of party of first part:

"Now, therefore, it is hereby mutually contracted and agreed by and between parties hereto as follows:

"(1) Party of the first part hereby agrees to pay parties of the second part five ($5.00) dollars per one thousand feet for all timber and logs hauled by parties of the second part from said Lamb place to his sawmill; said logs to be measured or scaled as they are delivered to said sawmill and to be paid for log scale; parties of the first part and second part hereto to keep an accurate account of the logs so delivered, and the same to be paid for at the end of every two (2) weeks; Scribner and Doyle rule to be used in measuring the logs, and the logs to be measured across the average way of the logs where the log is not round.

"(2) Parties of the second part hereby contract and agree to haul said timber to said sawmill of party of the first part at and for the price of five ($5.00) dollars per one thousand feet, log scale, and to receive payment at the time or times hereinabove stated; parties of the second part to furnish all teams and labor, at their own expense, in so hauling and delivering said logs.

"(3) Party of the first part to have said timber cut down and sawed into logs in such amount to furnish ample logs to keep parties of the second part busy with teams and equipment after beginning the hauling of said logs and timber from said property to said sawmill. Party of the first part further agrees to take into consideration the weather in sawing down the said timber, and when it is wet weather he will, where possible, cut the timber on the high and dry parts of said lands. Party of the first part further agrees to keep enough timber cut near the home of the parties of second part, on said Lamb place, to enable parties of the second part to carry a load to the mill from a point as near their home as possible.

"(4) Parties of the second part hereby promise and agree to keep three (3) teams busy hauling said logs and timber to the said sawmill, and that they will continue hauling and delivering said timber and logs until all of the timber and logs cut from said property by party of the first part has been so delivered to the said sawmill.

"(5) Parties hereby agree that they will be ready to begin operations under this contract by the 19th day of January, 1920.

"Witness our hands and seals in duplicate, this the day and year hereinabove written.

    "A. R. Malone. [Seal.]
    "J. G. Reynolds. [Seal.]
    "V. S. Reynolds. [Seal.]
"Attest: S. Smith.
   "Wm. Hawkins."

These grounds of demurrer were assigned by defendant to the complaint:

"(1) The same fails to aver that plaintiffs, from the beginning of the contract to the alleged breach, kept not less than three teams busy hauling the logs mentioned in said contract.

"(2) For that the same fails to aver in what the alleged damages consisted.

"(3) For that same fails to allege what the elements of damage claimed are.

"(4) For that averment that plaintiffs were ready, able, and willing to perform the contract on their part is not the averment of a fact, but mere conclusion of the pleader."

J. F. Aldridge and E. F. Hildreth, both of Eutaw, and R. B. Evins, of Birmingham, for appellant.

Counts 11 to 15, inclusive, were subject to the demurrer interposed thereto. Deslandes v. Scales, 187 Ala. 25, 65 So. 393; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28; Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Sou. Ry. v. Coleman, 153 Ala. 266, 44 So. 837; Nichols v. Rasch, 138 Ala. 372, 35 So. 409; Reed Lbr. Co. v. Lewis, 94 Ala. 626, 10 So. 333; Moulthrop v. Hyett, 105 Ala. 493, 17 So. 32, 53 Am. St. Rep. 139; Street v. Sinclair, 71 Ala. 110; Young v. Cureton, 87 Ala. 727, 6 So. 352; Beck v. West, 87 Ala. 213, 6 So. 70; Danforth v. T. C. I. Co., 93 Ala. 614, 11 So. 60; Id., 99 Ala. 331, 13 So. 51; Pulliam, v. Schimpf, 109 Ala. 179, 19 So. 428; I. C. v. Brothers, 12 Ala. App. 351, 67 So. 628; 17 C. J. 790; McCormick v. Badham, 191 Ala. 339, 67 So. 609. The court erred in rendering judgment for plaintiffs. Bixby-Theisen Co. v. Evans, 174 Ala. 579, 57 So. 39. Counsel argue other questions, but without citing additional authorities.

Harwood & McQueen, of Tuscaloosa, for appellees.

The amended complaint states a good cause of action and is not subject to the demurrer interposed. Varner v. Hardy, 209 Ala. 575, 96 So. 860; Griffin v. Ogletree, 114 Ala. 343, 21 So. 488; Bonifay v. Hassell, 100 Ala. 269, 14 So. 46; Baxley v. Tallassee & M., 128 Ala. 183, 29 So. 451; Tenn. & C. v. Danforth, 112 Ala. 80, 20 So. 502; Danforth v. T. C. I. Co., 93 Ala. 614, 11 So. 60; Id., 99 Ala. 331, 13 So. 51; McCord v. Rogers, 211 Ala. 76, 99 So. 794; Birmingham W. W. Co. v. Martini, 2 Ala. App. 652, 56 So. 830. There was no error in overruling defendant's motion to exclude certain elements of damage. Vandiver & Co. v. Waller, 143 Ala. 411, 39 So. 136; Adam Mach. Co. v. Sou. St. L. Co., 2 Ala. App. 471, 56 So. 826; Bigbee Fert. Co. v. Scott, 3 Ala. App. 333, 56 So. 834; 3 Sutherland, Damages (3d Ed.) § 704; 13 Cyc. 37.

MILLER, J. This is a suit by J. G. Reynolds and V. S. Reynolds against A. R. Malone for damages for the breach of a written contract entered into by them for hauling logs. There were 15 counts in the complaint as amended, numbered from 1 to 15, inclusive. The counts numbered from 1 to 10, inclusive, were withdrawn by plaintiff, and the cause was submitted on counts 11, 12, 13, 14, and 15. The defendant pleaded general issue to each of them, with leave to give in evidence any matter that might be specially pleaded, and that plaintiffs may give in evidence any matter that might be set up in special replications. The cause was tried by the court without a jury. Judgment was rendered in favor of the plaintiffs on the oral testimony and documentary evidence, and from it this appeal is prosecuted by the defendant.

[1] The court overruled demurrers to counts 11, 12, 13, 14, and 15 of the complaint as amended. These rulings of the court are assigned as error No. 4, as follows:

"(4) The court erred in overruling defendant's demurrer refiled to counts 11, 12, 13, 14, and 15 to the complaint as amended, and separately and severally to said counts of the complaint."

By this assignment five rulings of the court are jointly assailed, and it cannot avail the defendant if any one of the counts was not subject to the demurrers of defendant. Cable v. Shelby, 203 Ala. 28, headnote 1, 81 So. 818; Beason v. Sov. Camp, W. O. W., 208 Ala. 276, headnote 3, 94 So. 123; Roach v. Wright, 195 Ala. 333, headnote 1, 70 So. 271; Jordan v. Rice, 165 Ala. 650, 51 So. 517; Hall v. Pearce, 209 Ala. 397, headnote 6, 96 So. 608.

[2] We will consider count 14, which states the contract between the parties, shows it was in writing, and is made a part of the count by copy attached to it. By the contract defendant agreed to pay plaintiffs $5 per 1,-000 feet for hauling the logs to the mill. It avers it was breached by the defendant and that plaintiffs were damaged thereby. The contract appears in the report of the case. The facts alleged show plaintiffs had purchased the necessary teams and equipment and were performing their part of the contract when breached by the defendant; that they had the necessary teams to do so when the contract was breached, and they were ready, willing, and able to continue to perform their part of the contract, and were prevented from doing so by the defendant. This count (No. 14) appears in the report of the case. It states a cause of action against the defendant, and the averments therein that plaintiffs were ready, able, and willing to perform their part of the contract do not render the count demurrable as stating a conclusion and not facts by the pleader. The facts alleged sufficiently show a compliance by plaintiffs with the terms of the contract applicable to them, and a readiness, ability, and willingness to continue to do so when the contract was breached by the defendant, and when he refused to allow them to continue to perform their part of it. Griffin v. Ogletree, 114 Ala. 345, 21 So. 488; Bonifay v. Hassell, 100 Ala. 269, 14 So. 46; Danforth v. Tenn. & Coosa R. Co., 93 Ala. 614, 11 So. 60; Id., 99 Ala. 331, 13 So. 51; Id., 112 Ala. 90, 20 So. 502; Varner v. Hardy, 209 Ala. 575, 96 So. 860; McCord v. Rogers, 211 Ala. 76, 99 So. 794.

The trial court did not err in overruling the demurrers to count 14, and this renders it unnecessary for us to consider the other rulings of the court under this assignment of error numbered 4. Hall v. Pearce, 209 Ala.

397, headnote 6, 96 So. 608, and other authorities cited supra on this subject.

The defendant filed motion to strike separately from counts 12, 13, 14, and 15 certain portions or elements of damages mentioned. He makes separate motion as to each count to strike certain damages claimed therein from it, and embodies all the motions in one general motion. The court overruled these motions. These rulings of the court are assigned as error No. 5, as follows:

"(5) The court erred in overruling the defendant's motion to strike certain portions of counts 11, 12, 13, 14, and 15 of the complaint as amended."

There was no motion as to count 11. By this assignment four rulings of the court are jointly assigned as error, and to be available to the defendant all four of the rulings must be erroneous. If one ruling is correct, then, under this one assignment of error, it will be unnecessary to consider the other rulings of the court. Hall v. Pearce, 209 Ala. 397, headnote 6, 96 So. 608; Cable v. Shelby, 203 Ala. 28, headnote 1, 81 So. 818, and authorities supra, on this subject.

We will consider the motion as to count 14. The motion states as to this count:

"And the defendant moves to strike from count 14 the claim for lost profits as an element of damages."

This presents one of the real, practical, questions in this cause. Count 14 contains the following averment:

"That there was a large profit to the plaintiffs in hauling said logs at the price specified in the said contract, to wit, two dollars and fifty cents per thousand feet for all logs so hauled, all to the damages of plaintiffs as aforesaid; hence this suit."

The plaintiffs look to this count to recover the profits they would have realized by performing the balance of the contract which they were ready, able, and willing to perform, but were prevented in so doing without fault on their part by the defendant.

[3, 4] The principles and rules of law applicable were concisely stated by this court in Danforth v. Tenn. & Coosa R. Co., 93 Ala. 620, 11 So. 62, as follows:

"Where one party, in compliance with his contract, enters upon its performance, and is wrongfully forced to abandon it before its completion, without fault on his part, he is entitled to recover damages for its breach. If profits formed a constituent element of the contract, their loss the natural and proximate result of the breach, and such as was reasonably in contemplation of the contracting parties, and the amount can be estimated with reasonable certainty, such certainty as satisfies the mind of a prudent and impartial person, they are recoverable as damages. On the other hand, if profits are merely speculative, conjectural, or too remote, they are not allowable. P. W. & B. R. R. Co. v. Howard [Pennsylvania v. Wheeling & B. Bridge Co.], 13 How. 526 [14 L. Ed. 249]; Beck v. West, 87 Ala. 218 [6 So. 70]; Brigham v. Carlisle, 78 Ala. 248 [56 Am. Rep. 28]; Bell v. Reynolds, 78 Ala. 513 [56 Am. Rep. 52]; 1 Sedgwick on Measure of Damages, 134–136 and note. 'If the breach consist in preventing the performance of the contract, without the fault of the other party, who is willing and able to perform it, the damage of the latter consists in two distinct items, namely: First, what he has already expended towards performance, less the value of the materials on hand; secondly, the profits he would realize by performing the whole contract.' U. S. v. Behan, 110 U. S. 344 [4 S. Ct. 81, 28 L. Ed. 168]; [Masterton v. Mayor, etc., of City of Brooklyn], 7 Hill, 69 [42 Am. Dec. 38].

"Where the proof fails to show that a profit would have been realized, the recoverable damages consist in the reasonable expenditures made, and loss of time, less the value of the material on hand. If the proof shows that profits would have been realized, had the party not been prevented from performing the contract, they are recoverable, and the measure of profits as damages is the difference between the cost of doing the work and the price agreed to be paid. In estimating the cost of doing the work, the less time engaged, a release from the care, trouble, risk and responsibility attending a full execution of the contract, should be considered and included in the estimate."

It was approved with clearness again by this court in Varner v. Hardy, 209 Ala. 575, 96 So. 860.

[5] The contract sued on shows defendant was running a sawmill near his Lamb place, which contained 460 acres and had timber on it. He desired all timber to be manufactured into lumber, and agreed to cut the timber down, saw it into logs, and to pay the plaintiffs $5 per 1,000 feet to haul these logs to his sawmill; and defendant agreed to cut down and saw into logs this timber in such amount to furnish ample logs to keep plaintiffs busy with teams hauling the logs from this place to his mill. The plaintiffs agreed to haul the logs so cut by defendant from this land to the mill, and to keep three teams busy hauling them, and to continue to haul the logs until all the timber cut from this property was delivered at the mill.

[6] It is clear from the contract that profits to plaintiffs formed a constituent element of the contract, and they were in contemplation of the parties when the contract was made. The loss of profits to plaintiffs was a natural and proximate result of the breach of the contract by defendant. Can the profits be estimated with reasonable certainty, such certainty as satisfies the mind of a prudent and impartial man? If so, then they are recoverable as damages. The number of thousand feet of timber remaining on the land can be estimated with reasonable certainty. The contract specifies the price ($5) per 1,000 feet for hauling it to the mill. Thus the gross sum contracted to be paid by defendant could with reasonable certainty be

calculated and estimated for hauling the balance of the timber to the mill. The excess of the contract price for hauling the balance of the timber over the actual cost thereof to the plaintiffs would constitute the profits—the damages sought. The actual cost of the hauling can be estimated with reasonable certainty and with little difficulty. So under the authorities we must hold the court did not err in overruling the motion of defendant to strike from this count numbered 14 "the claim for lost profits as an element of damages." Judge Walker, writing for the Court of Appeals in Adams, etc., Co. v. South State L. Co., 2 Ala. App. 471, 56 So. 826, wrote:

"A party who has broken his contract cannot escape liability because of the difficulty there may be in finding a perfect measure of damages. It is enough if the evidence furnishes data for an approximate estimate of the amount of damage."

See, also, Griffin v. Ogletree, 114 Ala. 343, 21 So. 488; Varner v. Hardy, 209 Ala. 575, 96 So. 860; Bonifay v. Hassell, 100 Ala. 269, 14 So. 46; Baxley v. Tallassee, 128 Ala. 183, 29 So. 451, and authorities supra.

[7] Errors assigned, numbered from 6 to 78, both inclusive, relate to rulings of the court adverse to the defendant on objections to questions and motions to exclude answers to questions. These 73 rulings of the court are separately assigned as errors, but they are argued in bulk, as if presenting one assignment of error. If the ruling of the court as to one of the 73 assignments of error was proper, then the others will not be considered and discussed, when they are so briefed and argued by appellant. City of Montgomery v. Moon, 208 Ala. 472, headnote 3, 94 So. 337; Whitaker v. Hofmayer, 211 Ala. 160, headnote 5, 99 So. 911, and authorities supra on this subject. There alleged errors, as stated by appellant, present practically one question.

[8] The court permitted plaintiffs to prove, over the objections of the defendant, the cost of feeding the teams per day, and the cost per day for drivers of the teams to haul this timber in the shape of logs from this land to the mill. This data was competent and relevant to ascertain the amount of the cost of doing the hauling, which had to be paid by plaintiffs, so it could be ascertained what, if any, profits the plaintiffs would have realized by performing the balance of the hauling under the contract. Authorities supra.

[9] The appellant insists the court erred in rendering judgment in favor of the plaintiffs. It is true there is a conflict in the evidence as to whether the contract was breached by the defendant or plaintiffs. There is a striking conflict in the amount of timber remaining on the land to be cut and hauled to the mill. However, there is ample evidence in the record to sustain the finding of the court, and the judgment rendered, together with the amount of the damages assessed. There is much testimony, if believed, which would entitle plaintiffs to a judgment against the defendant and for the damages assessed by the court. The court tried this cause without a jury. The witnesses were examined orally in his presence, and his finding of facts is subject to the same presumption as the verdict of a jury. The evidence was in direct conflict on the issues presented, and we cannot say the judgment was unsupported by evidence and wrong. McNaron v. McNaron, 210 Ala. 687, 99 So. 116; McClurkin v. McClurkin, 206 Ala. 513, headnote 3, 90 So. 917.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.